BENJAMIN K. RILEY (SBN 112007)
 *briley@bzbm.com*
KERRY L. DUFFY (SBN 233160)
 *kduffy@bzbm.com*
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Plaintiff
RICCARDO SILVA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

|  |  |
|---|---|
| *IN RE: SUBPOENA TO REDDIT, INC.* | Case No. 4:23-mc-80119-KAW<br><br>(Originating Case: *Silva v. Doe 1, et al.*, S.D. Fla. 1:22-cv-24262-RKA)<br><br>**DECLARATION OF KERRY L. DUFFY IN SUPPORT OF PLAINTIFF RICCARDO SILVA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER CIVIL LOCAL RULES 3-12 AND 7-11**<br><br>Action filed: April 19, 2023<br>Judge: Magistrate Judge Westmore |

I, Kerry L. Duffy, declare as follows:

1.     I am an attorney duly licensed to practice in the State of California, and admitted to appear before this Court. I am a Principal at the law firm of Bartko Zankel Bunzel & Miller, attorneys of record for plaintiff Riccardo Silva ("Plaintiff" or "Mr. Silva"). I have personal knowledge of the facts set forth herein, except where it is stated as to information and belief, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Plaintiff's Administrative Motion to Consider Whether Cases Should Be Related Under

Civil Local Rules 3-12 and 7-11.

2.	On April 19, 2023, Plaintiff initiated a Miscellaneous Action in this District by filing a Motion to Compel Third-Party Reddit, Inc. ("Reddit") to Respond to Subpoena (the "Reddit Motion to Compel"), which was assigned to this Court as Case No. 4:23-mc-80119-KAW (the "Reddit Action"). Attached hereto as **Exhibit 1** is a true and correct copy of the Reddit Motion to Compel [ECF No. 1].

3.	The Reddit Motion to Compel was served on April 19, 2023 [ECF No. 1-4].

4.	On April 20, 2023, Plaintiff initiated a Miscellaneous Action in this District by filing a Motion to Compel Third-Party X Corp., Successor in Interest to Twitter, Inc. ("Twitter") to Respond to Subpoena, (the "Twitter Motion to Compel"), which was assigned to Magistrate Judge Donna M. Ryu, Case No. 4:23-mc-80122-DMR (the "Twitter Action"). Attached hereto as **Exhibit 2** is a true and correct copy of the Twitter Motion to Compel filed in Case No. 4:23-mc-80122 [ECF No. 1].

5.	 The Twitter Motion to Compel was served on April 21, 2023 [ECF No. 3].

6.	The subpoenas to Reddit and Twitter arise out of a pending lawsuit in the Southern District of Florida under Case No. 1:22-cv-24262-RKA (the "Florida Lawsuit"). The underlying Florida Lawsuit involves various claims concerning a carefully-crafted defamation campaign waged against Mr. Silva by one or more anonymous individuals who are currently identified in the Florida Lawsuit as Defendants John Doe 1, John Doe 2, John Doe 3, and John Doe 4 (the "Doe Defendants"), and which involve numerous false, defamatory, and outrageous statements published in multiple locations, including on the Reddit.com and Twitter.com platforms, as detailed in the Complaint. Attached hereto as **Exhibit 3** is a true and correct copy of the Complaint filed in the Florida Lawsuit.

7.	As stated in the Complaint, the identity of the Doe Defendants is unknown to Mr. Silva. Accordingly, subpoenas have been issued to Reddit and Twitter seeking information concerning the identity of the user(s) or subscribers(s) who own(s) and operate(s) the Reddit Handle "u/SOSilva7" and the Twitter handle "u/SOSSilva7" (the "Reddit Handle" and "Twitter Handle," respectively), which Mr. Silva contends are the Reddit/Twitter Handles or accounts used

to anonymously post defamatory and false accusations against him on the Reddit and Twitter platforms.

8.   Based on meet and confers relating to the subpoenas, Reddit's and Twitter's remaining objection is directed at First Amendment grounds. Specifically, Reddit and Twitter maintain that they are unable to comply with these subpoenas absent a Court Order directing compliance, on the grounds that a Court must first conduct a First Amendment analysis of the requested discovery and determine that the First Amendment safeguards have been met in the circumstances here.

9.   Based upon Magistrate Judge Westmore's calendar schedule for civil law and motion, and her listed unavailability from May 30, 2023 – June 16, 2023, the earliest available noticed hearing date for the Reddit Motion to Compel to be heard by her is July 6, 2023.

10.   Based upon Magistrate Judge Ryu's calendar schedule for civil law and motion, the earliest available noticed hearing date for the Twitter Motion to Compel is June 8, 2023.

11.   On April 25, 2023, I contacted Reddit's counsel – Mr. Roche – via email asking if he would stipulate that Reddit has no objection to the Reddit Action and the Twitter Action being related, and no objection to the Reddit Action being re-assigned to Magistrate Judge Ryu, who is handling the Twitter Action, as this would enable the Reddit Action to be heard more swiftly given Magistrate Judge Westmore's unavailability in June 2023. I also sent him the proposed stipulation. Since Mr. Roche is not based in California, he had a colleague from his law firm who practices in California – Ms. Schwartz – provide input on the stipulation. On April 28, 2023, Mr. Roche sent me a slightly revised stipulation which had been electronically signed by Ms. Schwartz, copying Ms. Schwartz on that email, and confirming that the stipulation had been approved by Reddit. He further advised that if Twitter's counsel and myself were fine with those changes, that my law firm was authorized to file the stipulation.

12.   On April 25, 2023, I contacted Twitter's counsel – Mr. Hawk – via email asking if he would stipulate that Twitter has no objection to the Reddit Action and the Twitter Action being related, and no objection to the Reddit Action being re-assigned to Magistrate Judge Ryu, with the proposed stipulation attached. After further exchanges, on April 28, 2023, I sent Mr. Hawk the

1    slightly revised stipulation which captured the edits from Reddit's counsel, asking whether he was

2    agreeable to those changes. That same day, Mr. Hawk responded advising he was fine with the

3    revised stipulation, authorizing my firm to e-sign his name and file the stipulation.

4        13.    Attached as **Exhibit 4** is a true and correct copy of the executed Stipulation.

5        I declare under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.

7        This Declaration was executed this 28th day of April 2023, in El Dorado Hills, California.

8

9                                        */s/ Kerry L. Duffy*
                                         Kerry L. Duffy

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1   BENJAMIN K. RILEY (SBN 112007)
      *briley@bzbm.com*
2   KERRY L. DUFFY (SBN 233160)
      *kduffy@bzbm.com*
3   BARTKO ZANKEL BUNZEL & MILLER
    A Professional Law Corporation
4   One Embarcadero Center, Suite 800
    San Francisco, California 94111
5   Telephone: (415) 956-1900
    Facsimile:  (415) 956-1152
6
    Attorneys for Plaintiff
7   RICCARDO SILVA

8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12                                          Case No. 3:23-mc-80119

13                                          (Originating Case: Silva v. Doe 1, et al., S.D.
                                            Fla. 1:22-cv-24262-RKA)
14  *IN RE: SUBPOENA REDDIT, INC.*
                                            **PLAINTIFF RICCARDO SILVA'S
15                                          NOTICE OF MOTION AND MOTION TO
                                            COMPEL THIRD-PARTY REDDIT, INC.
16                                          TO RESPOND TO SUBPOENA;
                                            MEMORANDUM IN SUPPORT**
17
                                            Date:      TBD
18                                          Time:      TBD
                                            Ctrm.:     TBD
19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES, THIRD-PARTY REDDIT, INC., AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on _____, at ___:___ __, or as soon thereafter as this matter may be heard in the courtroom of _____, located at _____, California _____, Plaintiff Riccardo Silva ("Plaintiff" or "Mr. Silva"), will and hereby does move this Court for an Order compelling Third-Party Reddit, Inc. ("Reddit") to comply with Plaintiff's subpoena served on Reddit on March 31, 2023 (the "Subpoena").

This Motion to Compel is brought pursuant to Rules 26, 37 and 45 of the Federal Rules of Civil Procedure, and the applicable Local Rules of this Court, on the grounds that counsel for Plaintiff and Reddit met and conferred in good faith pursuant to Civil Local Rule 37, but were unable to resolve Reddit's First Amendment objection. Specifically, Reddit maintains that it cannot comply with the Subpoena absent a Court Order directing compliance, asserting that a Court must first conduct a First Amendment analysis of the requested discovery, including whether Mr. Silva has satisfied the applicable standard regarding the qualified right to anonymous speech under the First Amendment to the United States Constitution.

This Motion to Compel is based on this Notice of Motion and Motion, as well as the following Memorandum in Support, the accompanying Declaration of Kerry L. Duffy, the accompanying Declaration of Adam Stolz and all exhibits thereto, all cited authorities, all files and records in the underlying litigation currently pending in the U.S. District Court for the Southern District of Florida, *Silva v. John Doe 1, et al.*, Case No. 1:22-cv-24262-RKA, any additional matters as may be judicially noticed by the Court, and on the oral argument and any other evidence that may come before the Court prior to or during the hearing on this Motion to Compel.

DATED: April 19, 2023

BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation

By: _____/s/ *Kerry L. Duffy*_____
Kerry L. Duffy
Attorneys for Plaintiff RICCARDO SILVA

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION .................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND .........................................2

  A.   The Defamation Campaign And the Florida Lawsuit ...............................2

  B.   Mr. Silva's Overwhelming Efforts to Discover Defendants' Identities....................3

  C.   The Subpoena, Reddit's Objections, and Meet-and-Confer in Satisfaction of Civil Local Rule 37 .....................................................4

III.  ARGUMENT .....................................................................................................6

  A.   Summary of Law ...............................................................6

  B.   Notice Has Been Provided to the Anonymous Doe Defendant ................................8

  C.   Mr. Silva Alleges a *Prima Facie* Case Under Florida Law for Defamation, Defamation *Per Se*, and Defamation by Implication .................................9

      1.   Publication..................................................10

      2.   Falsity ..................................................11

      3.   Defamation *Per Se*: Malice*,* Damages, Defamatory ...........................12

  D.   Mr. Silva Alleged a *Prima Facie* Case Under Florida Law for Intentional Infliction of Emotional Distress ("IIED") and Stalking (Fla. Stat. § 784.0485)....................13

      1.   IIED ..................................................13

      2.   Stalking (Fla. Stat. § 784.0485)..................................13

  E.   The Balance of the Equities Favors Disclosure of Basic Identifying Information..................................................14

IV.   CONCLUSION ..................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Anonymous Online Speakers*
661 F.3d 1168 (9th Cir. 2011) ................................................................................................... 7

*Art of Living Found. v. Does 1-10*
No. 10-CV-05022-LHK, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) ................................. 7

*Blake v. Giustibelli*
182 So.3d 881 (Fla. 4th DCA 2016) ................................................................................... 9, 12

*Corsi v. Newsmax Media, Inc.*
519 F. Supp. 3d 1110 (S.D. Fla. 2021) .............................................................................. 9, 12

*In re DMCA § 512(h) Subpoena to Twitter, Inc.*
608 F. Supp. 3d 868 (N.D. Cal. June 21, 2022) ................................................................... 7, 8

*Friedgood v. Peters Pub. Co.*
521 So.2d 236 (Fla. 4th DCA 1988) ...................................................................................... 11

*Garrett v. City & Cnty. of San Francisco*
818 F.2d 1515 (9th Cir. 1987) ................................................................................................. 7

*Gertz v. Robert Welch, Inc.*
418 U.S. 323 (1974) ................................................................................................................ 11

*Gonzalez v. Google, Inc.*
234 F.R.D. 674 (N.D. Cal. 2006) ............................................................................................. 6

*Granda-Centeno v. Lara*
489 So.2d 142 (Fla. 3d DCA 1986) ........................................................................................ 10

*Highfields Cap. Mgmt., L.P. v. Doe*
385 F. Supp. 2d 969 (N.D. Cal. 2005) ............................................................................... 7, 14

*Jews For Jesus, Inc. v. Rapp*
997 So.2d 1098 (Fla. 2008) ...................................................................................................... 9

*Klayman v. Judicial Watch, Inc.*
22 F. Supp. 3d 1240 (S.D. Fla. 2014) ................................................................................ 9, 11

*Krinsky v. Doe 6*
159 Cal. App. 4th 1154 (Cal. 2008) ......................................................................................... 8

*Morse v. Ripken*
707 So.2d 921 (Fla. 4th DCA 1998) ...................................................................................... 11

ii

*Music Grp. Macao Com. Offshore Ltd. v. Does*
   82 F. Supp. 3d 979 (N.D. Cal. 2015) ........................................................ 7, 14

*Norkin v. The Fla. Bar*
   311 F. Supp. 3d 1299 (S.D. Fla. 2018) .......................................................... 3

*Ozyesilpinar v. Jalali*
   325 So.3d 289 (Fla. 3d DCA 2021) ............................................................. 13

*Sirpal v. Univ. of Miami*
   684 F. Supp. 2d 1349 (S.D. Fla. 2010) .......................................................... 9

*Skupin v. Hemisphere Media Grp., Inc.*
   314 So.3d 353 (Fla. 3d DCA 2020) ............................................................. 11

*Smythe v. Does*
   Case No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) ................... 2, 7

*Solers, Inc. v. Doe*
   977 A.2d 941 (D.C. 2009) ........................................................................... 8

*Williams v. Worldwide Flight SVCS., Inc.*
   877 So.2d 869 (Fla. 3d DCA 2004) ............................................................. 13

**Constitutions**

Fla. Const. Article I, § 4 ................................................................................ 8

**Statutes**

Florida Statute
   § 784.0485(1) ..................................................................................... 3, 13

**Court Rules**

Federal Rules of Civil Procedure
   Rule 1 ................................................................................................ 15
   Rule 26 ................................................................................................ 6
   Rule 26(b)(1) ........................................................................................ 6
   Rule 26(b)(2) ........................................................................................ 7
   Rule 45 .......................................................................................... 6, 15
   Rule 45(a)(1)(D) .................................................................................... 6
   Rule 45(d)(2)(B)(i) ................................................................................. 6

N.D. California Civil Local Rules
   Rule 37 ................................................................................................ 5
   Rule 37-2 ............................................................................................. 7

NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY REDDIT, INC.
TO RESPOND TO SUBPOENA; MPA IN SUPPORT

## **MEMORANDUM IN SUPPORT**

## **I.      INTRODUCTION**

Strong grounds and the equities exist for the Court to issue an order compelling Reddit to comply with the Subpoena and promptly produce the requested documents and information. This action arises out of a pending lawsuit in the Southern District of Florida proceeding under Case No. 1:22-cv-24262-RKA (the "Florida Lawsuit"). *See* Stolz Decl. iso Motion to Compel ("Stolz Decl.") filed herewith at ¶ 1, Ex. 1 [Complaint]. The underlying Florida Lawsuit involves various claims regarding a carefully-crafted defamation campaign waged against Mr. Silva by one or more anonymous individuals (with the assistance of a mobile billboard company), who are currently identified in the Florida Lawsuit as Defendants John Doe 1, John Doe 2, John Doe 3, and John Doe 4 (the "Defendants").[1] Mr. Silva is a successful businessman, philanthropist, and devoted husband and father.

While the identities of the Defendants are unknown to Mr. Silva at this moment, it is clear that these individuals carefully planned and coordinated their defamation campaign to deliberately target and harm Mr. Silva. They have gone to great lengths to conceal their identities and evade the consequences of their flagrantly unlawful actions. Specifically, the false and defamatory statements entail express and implied accusations of criminality—such as sexual misconduct and bribery. *See* Stolz Decl. ¶ 1, Ex. 1 ¶¶ 17, 21, 24, 26, 28-29, 33, 45.

As further explained herein, the Subpoena requests documents and information from Reddit regarding the identity of the user(s) or subscriber(s) who own(s) and operate(s) the Reddit Handle, u/SOSilva7.[2] *See* Stolz Decl. ¶ 3, Ex. 2 [Subpoena]. Over the past several months, Mr. Silva has undertaken *substantial* measures and expense in an attempt to identify the Defendants—to no avail. *Id.* ¶¶ 9, 12. The information sought in the Subpoena to Reddit is critical to the interests of justice because it seeks necessary information that could potentially identify one

---

[1] Since it is unknown and unknowable at this time whether the anonymous "John Doe" defendants are a single individual or a team of two or more individuals, this Motion to Compel will refer to them collectively in the plural as the "Defendants" unless otherwise specified.

[2] The "Handle" as used in this motion shall have the same meaning as it does in the Subpoena, which is "the Reddit handle or account, u/SOSilva7." *See* Stolz Dec. ¶ 4, Ex. 2 at ¶ 8.

(or more) of the Defendants, specifically, John Doe 2 (the "Defamatory Speaker").[3] Mr. Silva seeks the requested information to identify and serve the anonymous Defamatory Speaker in the Florida Lawsuit. Given that the identity of the Defamatory Speaker is not yet known by Mr. Silva, Reddit has already notified the Defamatory Speaker of the Subpoena and has agreed to provide him/her/them with copies of all filings in this action, including the instant Motion to Compel. *See* Duffy Decl. iso Motion to Compel ("Duffy Decl.") filed herewith at ¶ 7.

As demonstrated below, the matter before the Court presents a *classic* example of when an anonymous speaker's unlawful, defamatory remarks and evasive conduct results in a forfeiture of the speaker's qualified right to anonymity. *See Smythe v. Does*, Case No. 15-mc-80292-LB, 2016 WL 54125, at *2 (N.D. Cal. Jan. 5, 2016) ("Where anonymous speech is alleged to be unlawful, the speaker's right to remain anonymous may give way to a plaintiff's need to discover the speaker's identity in order to pursue its claim.") (citation omitted). Accordingly, for the reasons provided herein, Mr. Silva respectfully requests the Court issue an order granting this Motion to Compel.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Defamation Campaign And the Florida Lawsuit

For unknown reasons, the anonymous Defendants orchestrated and executed an elaborate defamation and harassment campaign against Mr. Silva involving numerous false, defamatory, extreme and outrageous statements published across a website, Twitter.com, Reddit.com, and a mobile billboard. Stolz Decl, ¶ 1, Ex. 1 ¶¶ 15-16. Numerous examples of these sensationally false statements are set out in the Complaint in the Florida Lawsuit. In particular, the Defendants have falsely and outrageously published statements that accuse Mr. Silva of criminal activity, including bribery and some of the most infamous acts conceivable involving serial sexual abuse and sexual harassment against "young women" in the modeling industry. Stolz Decl. Ex. 1 ¶¶ 17, 21, 24, 26, 28-29, 33, 45. Moreover, the defamatory statements falsely liken him to the conduct of Jeffry

---

[3] Per the Complaint, John Doe 2 created the Reddit username u/SOSilva7 on September 8, 2022 – the same day the website was created with false and defamatory statements and accusations against Mr. Silva. Stolz Decl. ¶ 1, Ex. 1, ¶¶ 4 & 23.

Epstein—one of the most notorious sex offenders in American history. *See id.* Ex. 1 ¶¶ 17, 21, 29, 53. The anonymous Defendants have then paraded these false and scandalous allegations on mobile billboards in Miami.

Of particular significance to this Motion to Compel are the allegations and claims regarding the false and defamatory statements published by "John Doe 2" (and potentially other Defendants) on Reddit's platform under the Handle u/SOSilva7. *Id.*, ¶¶ 1 and 3. The false and defamatory statements remain publicly available on Reddit's platform, including on the posts and pages the Defendants created, which puts the identity of the individual(s) behind the Reddit Handle directly at issue. *Id.*, ¶ 1.

**B.      Mr. Silva's Overwhelming Efforts to Discover Defendants' Identities**

On January 4, 2023, Mr. Silva initiated the Florida Lawsuit and brought five claims against the Defendants in the Southern District of Florida: Defamation[4] (Count I), Defamation Per Se (Count II), Defamation by Implication (Count III), Intentional Infliction of Emotional Distress (Count IV), and Stalking under section 784.0485(1), Florida Statutes (Count V). Stolz Decl, ¶ 1. Since filing the Florida Lawsuit, Mr. Silva has worked diligently to identify the anonymous Defendants primarily so he can effectuate proper service for the Florida Lawsuit. *Id.*, ¶¶ 1, 3-4, 9, 12, and Ex. 4. However, Mr. Silva has not yet been able to identify the anonymous Defendants, including the Defamatory Speaker behind the Reddit Handle. *Id.* Nevertheless, Mr. Silva has undertaken *substantial* efforts and incurred *significant* expense in attempting to identify and serve the Defendants, including but not limited to, the following:

- Subpoenaed Reddit for the identity of the owner(s) of the Reddit Handle, the publisher(s) of the defamatory Reddit posts, and the moderator(s) of the Reddit forum at issue in the Complaint—which, as discussed below, is the subject of this motion.

- Subpoenaed Twitter, Inc. for the identity of the owner(s) of the Twitter account at issue in the Complaint;

- Subpoenaed Wix for the identity of the purchaser of the Wix-domain associated with the Website at issue in the Complaint;

---

[4] In Florida, defamation "encompasses both libel and slander." *Norkin v. The Fla. Bar*, 311 F. Supp. 3d 1299, 1303 (S.D. Fla. 2018) (citations omitted). As noted in the Complaint, the three defamation claims brought by Mr. Silva are for libel and are intended to be construed as such in this Motion to Compel. *See* Stolz Decl. ¶ 1, Ex. 1 at Counts I-III, pp. 13-15.

- Subpoenaed Verizon, which is the cell-phone service provider for at least one individual believed to be at the helm of the defamation campaign against Mr. Silva and the network provider for the IP address associated with the Website;

- Subpoenaed several individuals based on records produced by Verizon and Wix; and

- Engaged a private investigator to assist in identifying the anonymous Defendants.

Additionally, Mr. Silva is in the process of preparing and issuing subpoenas to several other individuals and companies in hopes of uncovering information that could lead to the identities of the Defendants. These and other efforts are detailed in a public filing in the Florida Lawsuit. *Id.* ¶ 9, Ex. 4. Once again, the foregoing is only a sample of Mr. Silva's extensive efforts undertaken thus far. At this time, however, Mr. Silva has not received any information from Reddit or elsewhere that could be reasonably calculated to lead to the discovery of the information sought in the Subpoena. *Id.* ¶¶ 7, 9, 12-13, 19, 23.

### C.   The Subpoena, Reddit's Objections, and Meet-and-Confer in Satisfaction of Civil Local Rule 37

Initially, Mr. Silva issued a subpoena to Reddit on February 10, 2023 (the "Initial Subpoena") which requested documents and information relating to the identity of the user(s) or subscriber(s) who own(s) and operate(s) the Reddit Handle, with the place of compliance in Florida. Stolz Decl. at ¶ 4, Ex. 2. Shortly thereafter, counsel for Reddit asserted various objections in response to the Initial Subpoena in lieu of providing responsive documents or information. *Id.* at ¶ 5, Ex.

Counsel for Plaintiff and Reddit thereafter engaged in cooperative meet-and-confer efforts, communicating via email and by phone on numerous occasions in the weeks after Reddit provided its objections to the Initial Subpoena; in that process, they were able to clarify and dispense with several of Reddit's objections. *Id.* ¶¶ 3, 6-14, Ex. 9. To amicably resolve certain other objections, counsel for Mr. Silva issued and served the instant Subpoena upon Reddit in California on March 31, 2023, with the place of compliance in San Francisco. *Id.* ¶¶ 14 & 17, Ex. 16 [Subpoena]; *see also* Duffy Decl. at ¶ 3. This was done with the understanding that if Mr. Silva were required to

NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY REDDIT, INC.
TO RESPOND TO SUBPOENA; MPA IN SUPPORT

file a motion to compel the requested discovery from Reddit, it would be filed in the Northern

District of California (where Reddit is headquartered).[5] Stolz Decl. ¶¶ 11 and 14.

The Subpoena requests the following from Reddit:

> All non-content documents, communications, and information that constitute basic
>
> subscriber information for the owner(s) of the Handle, including, but not limited to,
>
> name(s), street/mailing address(s), email address(es), IP logs, username(s) or other
>
> subscriber identity, payment information, billing information, or any other
>
> information that is related or could be used to identify the owner(s) of the Handle.
>
> *Id.* ¶ 17, Ex. 6 at 7.

On April 4, 2023, Reddit responded with its written objections to the Subpoena. *Id.* ¶ 18,

Ex. 7. Pursuant to this Court's Civil Local Rule 37, counsel for Mr. Silva continued to engage in

meet-and-confer efforts, replying on April 7, 2023, about several issues raised in Reddit's

objection letter. *Id.* ¶ 19, Ex. 8. Counsel for both sides made progress in clarifying the scope of the

Subpoena (which seeks only non-content basic subscriber information) and, in turn, narrowing

Reddit's objections. *Id.* ¶ 19-20. Ultimately, Reddit took the position that it could not produce the

requested documents or information unless a court issues an order determining that the

Defamatory Speaker's anonymity is not protected by the First Amendment, explaining on April 4,

2023, that the scope of its objection was now limited to a single ground as follows:

> [T]he amended subpoena implicates the First Amendment right to anonymous
>
> speech and is therefore premature to the extent it seeks BSI for purposes of
>
> identifying the speaker. When adjudicating a subpoena or other request for
>
> compelled disclosure that would reveal the identity of an anonymous speaker, a
>
> court should (1) notify the speaker and provide them with an opportunity to
>
> (anonymously) defend their anonymity; (2) require the party seeking disclosure to

---

[5] Notice of the Subpoena was served on the only named Defendant to the Florida Lawsuit, Mobile
Billboards, Inc. on March 31, 2023, whose counsel confirmed later that day that they had no
objection to the Subpoena. Stolz Decl. ¶ 15, Ex. 5. As noted above, following receipt of the
Subpoena, counsel for Reddit advised that Reddit had notified the Defamatory Speaker(s) of the
Subpoena. *Id.* ¶ 18.

make a prima facie showing on the merits of their claim; and (3) balance the equities, weighing the potential harm to the party seeking disclosure against the speaker's interest in anonymity, in light of the strength of the underlying claim.

Stolz Decl. ¶ 18, Ex. 7; *see also id.* ¶ 20 ["any motion to compel that your client may file in NDCA would be limited to having the Court resolve the First Amendment issue."]. As such, further meet-and-confer efforts appeared futile. Stolz Decl. ¶ 21. Nevertheless, prior to filing the instant Motion to Compel, California counsel for Plaintiff further met and conferred with Reddit's counsel to discuss Reddit's objection and see if anything more could be done to resolve them. However, counsel still could not mutually resolve Reddit's sole remaining objection regarding the First Amendment. Duffy Decl. ¶¶ 4, 6-7.

Based on Reddit's objection, and having exhausted efforts to resolve this matter without judicial intervention, Mr. Silva needs a court order to obtain the necessary basic subscriber information to identify the owner of the Reddit Handle.

## III.    ARGUMENT

### A.    Summary of Law

Strong grounds exist for the Court to issue an order compelling Reddit to comply with the Subpoena and promptly produce the requested information. Rule 45 of the Federal Rules of Civil Procedure[6] provides the framework for obtaining discovery on a third-party through subpoenas. Fed. R. Civ. P. 45(a)(1)(D). The scope of a subpoena issued under Rule 45 is informed by Rule 26, which governs civil discovery in general. *See, e.g.*, *Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). Under the Rules, a court may compel a third-party to produce documents and information pursuant to a subpoena regarding any "non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); s*ee also* Fed. R. Civ. P. 45(d)(2)(B)(i) ["[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an

---

[6] Unless otherwise specified, any reference to a "Rule" or the "Rules" shall be construed as a reference to the Federal Rules of Civil Procedure.

order compelling production or inspection." ]. On a motion to compel compliance, the moving party is to "detail the basis for the party's contention that it is entitled to the requested discovery and show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." N.D. Cal. Civ. LR. 37-2. The Court has discretion to determine whether to grant a motion to compel. *See Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987).

When a motion to compel involves a third-party subpoena to an online service provider for documents and information that could potentially reveal the identity of an anonymous speaker, a threshold determination regarding certain First Amendment standards must first be made. This is premised on an online user's First Amendment right to anonymous speech. *See, In re DMCA §512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868 at 876 (N.D. Cal. June 21, 2022) (citing *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011)). But "the right to anonymity is not absolute." *Smythe v. Does*, Case No. 15-mc-80292-LB, 2016 WL 54125, at *2 (N.D. Cal. Jan. 5, 2016) (citing *Art of Living Found. v. Does 1-10*, No. 10-CV-05022-LHK, 2011 WL 5444622, at *4 (N.D. Cal. Nov. 9, 2011)); *accord In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011). "Where anonymous speech is alleged to be unlawful, the speaker's right to remain anonymous may give way to a plaintiff's need to discover the speaker's identity in order to pursue its claim." *Art of Living*, 2011 WL 5444622, at *4.

On a motion to compel a service provider to produce information that could potentially reveal the identity of an anonymous speaker, the party seeking the information must first "persuade the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005). In reaching such a determination, this court has applied a three-pronged framework: "[W]hen adjudicating a subpoena or other request for compelled disclosure that would reveal the identity of an anonymous speaker, a court should (1) notify the speaker and provide them with an opportunity to (anonymously) defend their anonymity; (2) require the party seeking disclosure to make a prima facie showing on the merits of their claim; and (3) balance the equities, weighing the potential

harm to the party seeking disclosure against the speaker's interest in anonymity, in light of the strength of the underlying claim." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876. As explained below, the Subpoena to Reddit satisfies the applicable First Amendment standards, and the Court should accordingly grant this Motion to Compel.

**B.      Notice Has Been Provided to the Anonymous Doe Defendant**

As evidenced by the very nature of the Subpoena, Mr. Silva does not know the identity of the Defamatory Speaker and is thus limited in the ability to provide notice beyond the public docket filings he has already initiated. As that hurdle naturally presents itself whenever the issue before this Court arises, courts have determined the notice requirement is satisfied when the service provider (*e.g.*, Reddit) represents that it has transmitted notice to the anonymous speaker with the available information it has for the account. *See, e.g.*, *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1171 (Cal. 2008) ("when ISPs [Internet Service Providers] and message-board sponsors (such as [Reddit]) themselves notify the defendant that disclosure of his or her identity is sought, notification by the plaintiff should not be necessary"); *see also Solers, Inc. v. Doe*, 977 A.2d 941, 954 (D.C. 2009) (collecting cases) ("it often will be simpler and more effective to require the recipient of the subpoena (who likely knows the identity of the anonymous defendant, or at least knows how to contact him) to provide such notice.").

Here, counsel for Mr. Silva coordinated with Reddit to provide the Defamatory Speaker with sufficient notice of the Initial Subpoena, this Subpoena, and this Motion so the speaker may have an opportunity to defend their anonymity. *See* Stolz Decl. ¶ 18, Ex. 7; *see also* Duffy Decl. ¶ 7. Moreover, the Defamatory Speaker has had ample opportunity to make an appearance in either this action or the Florida Lawsuit, which they are likely aware of given the carefully coordinated nature of the defamation campaign. *See generally, e.g.*, *Krinsky*, 159 Cal. App. 4th at 1160 ("Doe" defendant anonymously appeared and moved to quash after receiving notice from online service provider). Accordingly, the Court should find that the notice requirement has been satisfied.

**C.      Mr. Silva Alleges a *Prima Facie* Case Under Florida Law for Defamation, Defamation *Per Se*, and Defamation by Implication**

The Florida Constitution expressly provides that one who abuses the right to freely speak, write, and publish on a subject shall be held responsible. *See* Fla. Const. Art. I, § 4. In Florida, an action for defamation will lie for "a false and unprivileged publication by letter, or otherwise, which exposes a person to distrust, hatred, contempt, ridicule or obloquy or which causes such person to be avoided, or which has a tendency to injure such person in [their] office, occupation, business or employment." *Blake v. Giustibelli*, 182 So.3d 881, 884 (Fla. 4th DCA 2016) (citations and quotations omitted). Under Florida law, a plaintiff must satisfy the following elements to plead a *prima facie* defamation case: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008).

Florida law also recognizes that "false statements which suggest that someone has committed a dishonest or illegal act are defamatory *per se*." *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021) (citations omitted). Thus, "when a statement is so obviously defamatory and damaging to one's reputation, it gives rise to an absolute presumption both of malice and damage." *Id.* (citations and quotations omitted). Moreover, Florida recognizes a cause of action for defamation by implication. *Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1100 (Fla. 2008). "Defamation by implication arises, not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts . . . ." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1254 (S.D. Fla. 2014) (citing *Jews for Jesus*, 997 So.2d at 1106). Thus, "[d]efamation by implication is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements." *Corsi*, 519 F. Supp. 3d at 1124 (citation omitted).

1.  **Publication**

To satisfy the *publication* element of defamation, a plaintiff must plead that "the defendant published a false statement about plaintiff to a third party." *Sirpal v. Univ. of Miami*, 684 F. Supp. 2d 1349, 1360 (S.D. Fla. 2010); *accord Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1251 (S.D. Fla. 2014) ("The publication of a statement in a defamation claim only requires the dissemination of a false statement to a person other than the defamed person."). Put simply, "[p]ublication of defamatory matter is communication of the statement to a third person." *Granda-Centeno v. Lara*, 489 So.2d 142, 143 (Fla. 3d DCA 1986).

Here, several allegations satisfy the "publication" element. Initially, the Defendants sent a mobile billboard around the crowded streets of South Miami Beach during the weekend of Miami Art Basel featuring a large photo of Mr. Silva's face with text falsely accusing Mr. Silva of being a sexual predator. Stolz Decl. ¶ 1, Ex. 1 at ¶¶ 31-36. In fact, Mr. Silva's seventeen-year-old son saw the billboard and was consequently devastated. *Id.* at ¶ 36. Meanwhile, it is a matter of common sense that other members of the public necessarily saw the billboard while paraded around South Miami Beach during one of the most popular events of the year. Further, the mobile billboard directed viewers' attention to Reddit and Twitter pages that the Defendants created, which contain additional false and defamatory statements. *Id.* at ¶ 1, Ex. 1, at ¶ 4.

The defamatory statements on the Reddit and Twitter pages independently constitute publication. Under the guise of username u/SOSilva7, Defendants posted defamatory remarks about Mr. Silva on various Reddit forums, including r/NYC, r/Miami, r/Florida, r/Chicago, r/Illinois, r/London, r/metoo, r/Modeling, r/sexualassault, r/TwoXChromosomes, r/abusesurvivors, r/emotionalabuse. *Id.* at ¶¶ 23-24. Collectively, there are roughly 16.1 million members in these Reddit forums. *Id.* at ¶ 24. Numerous Reddit users have directly engaged with Defendants' account by commenting on and "liking" posts that contain false and defamatory statements about Mr. Silva. Stolz Decl. ¶ 1. Additionally, Defendants created and assigned themselves as the moderator of a Reddit forum titled r/SOSSilvaSurvivors for which it garnered a few "followers" and posted more false and defamatory statements about Mr. Silva while tagging other popular

10

1   Reddit forums to deliberately ensure that followers of those forums would see the statements. *Id.*

2   ¶ 1, Ex. 1, at ¶¶ 25-26.

3          Similarly, Defendants published false and defamatory statements on the Twitter account

4   with the handle @SOSSilva7. *Id.* ¶ 1, Ex. 1 at ¶¶ 28-30. As depicted in the Complaint, each

5   defamatory tweet was published directly to various media outlets by tagging them in the posts: the

6   Miami Herald, Miami New Times, Miami Beach News, and the account for the international arts

7   festival, Art Basel. Finally, the Defendants created a website called "sossilva.org" wherein they

8   published more false and defamatory statements about Mr. Silva. The website and its tortious

9   contents are available to members of the public, some of whom have viewed it and reshared the

10  link to the website on social media platforms like Reddit.

11         Accordingly, Mr. Silva has demonstrated a sufficient evidentiary basis for believing the

12  Defendants *published* the false and defamatory statements about him.

13                        **2.    Falsity**

14         Under Florida law, the element of *falsity* is satisfied by showing that the defamatory

15  statement is a factual assertion that is "capable of being proved true or false on a core of objective

16  evidence," rather than a statement of pure opinion. *See Skupin v. Hemisphere Media Grp., Inc.*,

17  314 So.3d 353, 356 (Fla. 3d DCA 2020); *see also Friedgood v. Peters Pub. Co.*, 521 So.2d 236,

18  242 (Fla. 4th DCA 1988) ("[A] false statement of fact is absolutely necessary if there is to be

19  recovery in a defamation action.") (citation omitted).[7] When the claim is for defamation by

20  implication, falsity is also established when a defendant creates a defamatory implication by

21  juxtaposing or omitting certain facts. *See Klayman*, 22 F. Supp.3d at 1254.

22         The statements at issue are textbook examples of factually false statements subject to a

23  claim for defamation under Florida law. Specifically, the statements on the Website, Twitter, and

24  Reddit pages that falsely accuse Mr. Silva of engaging in sexual misconduct with young women—

25  particularly within the modeling industry—are "capable of being proved true or false on a core of

26

27  ─────────────────────
[7] Significantly, courts recognize "there is no constitutional value in false statements of fact."
28  *Morse v. Ripken*, 707 So.2d 921, 922 (Fla. 4th DCA 1998) (quoting *Gertz v. Robert Welch, Inc.*,
    418 U.S. 323, 340 (1974)).

NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY REDDIT, INC.
TO RESPOND TO SUBPOENA; MPA IN SUPPORT

objective evidence." The statements—on their face—falsely accuse Mr. Silva of egregious criminal acts that are capable of being proven that they did not occur as a matter of fact. Likewise, the *context* of the statements suggests that Mr. Silva committed egregious criminal acts of sexual misconduct. The statements falsely and outrageously liken him to disgraced convicted sex offender, Jeffry Epstein. In sum, the defamatory statements about Mr. Silva constitute egregious statements of fact that are capable of being proven false based on objective evidence.[8]

Accordingly, Mr. Silva has demonstrated a sufficient evidentiary basis that the defamatory statements about him are *false* statements of fact "capable of being proved true or false on a core of objective evidence."

### 3. Defamation *Per Se*: Malice, Damages, Defamatory

In Florida, when a false statement suggests that an individual has committed a dishonest or illegal act, it is considered "so obviously defamatory and damaging to one's reputation" that it gives rise to an "absolute presumption" that the third and fourth elements of defamation—*malice* and *damages*—have been satisfied. *Corsi*, 519 F. Supp. 3d at 1119 (citations and quotations omitted). "[A] publication is libelous per se, or actionable per se, if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Blake v. Giustibelli*, 182 So.3d 881, 884 (Fla. 4th DCA 2016) (citations omitted).

Here, the pervasive and carefully coordinated efforts underlying Defendants' actions demonstrate that they knowingly published the egregious falsehoods about Mr. Silva. In any event, Defendants' accusations are defamatory *per se* because they blatantly accuse Mr. Silva of committing "crimes" and some of the most infamous crimes conceivable involving sexual misconduct. Not to mention, the Website post also accuses him of bribery. Further, the defamatory statements falsely liken him to the conduct of Jeffry Epstein—one of the most notorious sex

---

[8] Notably, as discussed *infra*, Section E, the information in Reddit's possession regarding the identity of the Defamatory Speaker is essential in affording Mr. Silva his due process right to decisively establish the falsity of the defamatory statements about him in a court of law.

offenders in American history. Finally, the statements falsely accuse Mr. Silva of committing these abhorrent acts against "young women" in the modeling industry, which undeniably has a tendency to injure him in his profession as the owner of the model and talent agency, Select Model Management. Stolz Decl. ¶ 1, Ex. 1 at ¶ 15.

Accordingly, Mr. Silva has shown a sufficient evidentiary basis that the Defendants' accusations about him are defamatory *per se* and, alternatively, are malicious and defamatory statements that caused harm to Mr. Silva's family, goodwill, and his personal and professional reputation.

**D.** **Mr. Silva Alleges a *Prima Facie* Case Under Florida Law for Intentional Infliction of Emotional Distress ("IIED") and Stalking (Fla. Stat. § 784.0485)**

**1.** **IIED**

To state a *prima facie* claim for IIED in Florida, one must show that "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Williams v. Worldwide Flight SVCS., Inc.*, 877 So.2d 869, 870 (Fla. 3d DCA 2004). As established above, accusing someone of criminal misconduct is extreme and outrageous conduct that goes beyond the bounds of all human decency. In short, the false and defamatory statements discussed above have personally harmed Mr. Silva to an immeasurable degree.

Additionally, the nature of the carefully crafted campaign to launch a concerted attack on Mr. Silva is extreme and outrageous in and of itself—from making a website, to parading a mobile billboard around South Miami Beach with Mr. Silva's face on it during one of the busiest weekends of the year, labeling him a predator, to the other egregious conduct alleged against Defendants in the Complaint. This conduct clearly attempts to seriously injure Mr. Silva's status, goodwill, and reputation, and constitutes extreme and outrageous behavior that goes beyond the bounds of human decency.

**2.** **Stalking (Fla. Stat. § 784.0485)**

Finally, Mr. Silva pleads a *prima facie* claim for stalking against Defendants under section 784.0485(1), Florida Statutes. To plead a cause of action under section 784.0485(1), a party must demonstrate the defendant engaged in a course of harassing conduct that is (i) specifically directed

at plaintiff, (ii) causes "substantial emotional distress to plaintiff, and (iii) serves no legitimate purpose. *See Ozyesilpinar v. Jalali*, 325 So.3d 289, 293 (Fla. 3d DCA 2021).

Here, as previously explained, the Defendants engaged in an elaborate course of conduct designed to harass Mr. Silva to cause him substantial emotional distress. The mobile billboard driven around the crowded streets of South Miami Beach featured a large photo of Mr. Silva's face with text that knowingly propagated false accusations about alleged predation (Stolz Dec. ¶ 1, Ex. 1 at ¶¶ 31-36), as viewed by Mr. Silva's seventeen-year-old son who was devastated. *Id.* at ¶ 36. Additionally, the Twitter account made a deliberate effort to tag media outlets and other pages that are relevant to personal and professional matters in Mr. Silva's life.

Overall, the defamation campaign has been relentless and ongoing for several months; it transcends numerous platforms and serves no legitimate purpose other than to harass and unlawfully injure Mr. Silva.

**E.** **The Balance of the Equities Favors Disclosure of Basic Identifying Information**

Finally, the balance of equities and interests of justice favor disclosure of the basic identifying information sought in the Subpoena because the potential harm to Mr. Silva, his family, and his personal and professional reputation outweighs the Defamatory Speaker's interest in impenetrable anonymity.

First, as established above, Mr. Silva, his family, and his businesses have already suffered, and will continue to suffer, serious harm with each day that passes without being able to identify the Defamatory Speaker. Second, obtaining the identity of the Defamatory Speaker from Reddit is "necessary to enable [Mr. Silva] to protect against or remedy serious wrongs" by way of the Florida Lawsuit. *Music Group*, 82 F. Supp. 3d at 983-84 (quoting *Highfields*, 385 F. Supp. 2d at 976)). The requested discovery is essential to Mr. Silva's ability to move forward with the Florida Lawsuit and address the dispute with the necessary parties. Without the identity of the Defamatory Speaker, Mr. Silva will not be able to serve him in the Florida Lawsuit, which in turn will deny adjudication and justice on the merits of Mr. Silva's claims. In short, without the requested information from Reddit, Mr. Silva's due process rights will continue to be prejudiced.

Additionally, as previously demonstrated, Mr. Silva has been working diligently to obtain the information from other sources. Yet Reddit is the only entity that can provide the important information requested in the Subpoena. The Subpoena is narrowly tailored to basic subscriber information (BSI) and proportional to the needs of the case, with any identifying information obtained from Reddit to be used solely for the purposes of identifying the Defamatory Speaker and serving him with process in the Florida Lawsuit. While the true name of John Doe 2 is unknown to Plaintiff, this information is readily available to Reddit and should be produced.

Further, the equitable considerations underlying the Federal Rules of Civil Procedure support disclosure in this action. Notably, the Rules establish at the outset that they "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus, the equities further favor disclosure by Reddit pursuant to Rule 45 because any information potentially identifying a defendant in the underlying Lawsuit would unequivocally promote a more "just, speedy, and inexpensive" determination of the underlying Lawsuit. Absent the identity of the Defamatory Speaker, Mr. Silva would be forced to incur additional expense in attempting to track down the Defamatory Speaker's identity. Given the efforts undertaken to date by Mr. Silva to obtain this vital information, and the lack of success, it appears unlikely that this information will be obtainable from other sources. *See* Stolz Decl. ¶ 9, 12-13 19.

On the other hand, the Defamatory Speaker—Defendant John Doe 2—has a diminished interest in anonymity under the circumstances. First, as established above, the speech he espoused against Mr. Silva on Reddit, as well as the other speech alleged in the Complaint that he was likely involved with publishing, is unprotected speech and is defamatory *per se*. Second, the interests of justice and principles of equity favor that the Defamatory Speaker be identified so he may answer for his egregious misdeeds in court. Likewise, the interests of justice and principles of equity favor production of the identifying information so the Speaker may be properly served with process in the underlying Lawsuit.  Also, the anonymous Speaker is named as a Doe defendant in the underlying Florida Lawsuit, rather than a witness or third-party caught up in another's unlawful conduct. Moreover, equity favors disclosure where, as here, the need to obtain identifying

NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY REDDIT, INC.
TO RESPOND TO SUBPOENA; MPA IN SUPPORT

1   information from a service provider such as Reddit is due to the Defamatory Speaker's own

2   actions (or those of his accomplices) in purposefully concealing their identities.

3       In sum, the balance of the equities weighs decisively in Mr. Silva's favor based on the

4   Defamatory Speaker's carefully-coordinated and anonymous campaign to defame Mr. Silva.

5   **IV.    CONCLUSION**

6       For the foregoing reasons, Mr. Silva respectfully requests that the Motion to Compel be

7   granted and that the Court issue an order compelling Reddit to comply with the Subpoena and

8   promptly produce the requested information regarding the identity of the Defamatory Speaker.

9

10  DATED:  April 19, 2023                     BARTKO ZANKEL BUNZEL & MILLER
                                               A Professional Law Corporation
11

12

13                                             By:    _____/s/ Kerry L. Duffy_____
                                                      Kerry L. Duffy
14                                                    Attorneys for Plaintiff RICCARDO SILVA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2

BENJAMIN K. RILEY (SBN 112007)
  *briley@bzbm.com*
KERRY L. DUFFY (SBN 233160)
  *kduffy@bzbm.com*
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Plaintiff
RICCARDO SILVA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| *IN RE: SUBPOENA TO X CORP., Successor in Interest to TWITTER, INC.* | Case No. 3:23-mc-80122 |
|  | (Originating Case: Silva v. Doe 1, et al., S.D. Fla. 1:22-cv-24262-RKA) |
|  | **PLAINTIFF RICCARDO SILVA'S NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY TWITTER, INC. TO RESPOND TO SUBPOENA; MEMORANDUM IN SUPPORT** |
|  | Date:     TBD |
|  | Time:    TBD |
|  | Ctrm.:   TBD |

**TO ALL PARTIES, THIRD-PARTY X CORP., SUCCESSOR IN INTEREST TO TWITTER, INC., AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, at ___:___ __, or as soon thereafter as this matter may be heard in the courtroom of _____, located at _____, California _____, Plaintiff Riccardo Silva ("Plaintiff" or "Mr. Silva"), will and hereby does move this Court for an Order compelling Third-Party X Corp., successor in interest to Twitter, Inc. ("Twitter"), to comply with Plaintiff's subpoena served on Twitter on April 3, 2023 (the "Subpoena").

This Motion to Compel is brought pursuant to Rules 26, 37 and 45 of the Federal Rules of Civil Procedure, and the applicable Local Rules of this Court, on the grounds that counsel for Plaintiff and Twitter met and conferred in good faith pursuant to Civil Local Rule 37, but were unable to resolve Twitter's First Amendment objection. Specifically, Twitter maintains that it cannot comply with the Subpoena absent a Court Order directing compliance, asserting that a Court must first conduct a First Amendment analysis of the requested discovery, including whether Mr. Silva has satisfied the applicable standard regarding the qualified right to anonymous speech under the First Amendment to the United States Constitution.

This Motion to Compel is based on this Notice of Motion and Motion, as well as the following Memorandum in Support, the accompanying Declaration of Kerry L. Duffy, the accompanying Declaration of Adam Stolz and all exhibits thereto, all cited authorities, all files and records in the underlying litigation currently pending in the U.S. District Court for the Southern District of Florida, *Silva v. John Doe 1, et al.*, Case No. 1:22-cv-24262-RKA, any additional matters as may be judicially noticed by the Court, and on the oral argument and any other evidence that may come before the Court prior to or during the hearing on this Motion to Compel.

DATED:  April 20, 2023                    BARTKO ZANKEL BUNZEL & MILLER
                                          A Professional Law Corporation


                                          By:  _____/s/ *Kerry L. Duffy*_____
                                                Kerry L. Duffy
                                                Attorneys for Plaintiff RICCARDO SILVA

NOTICE OF MOTION AND MOTION TO COMPEL TWITTER
TO RESPOND TO SUBPOENA; MPA IN SUPPORT

# <u>TABLE OF CONTENTS</u>

Page

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND ..........................................2

        A.      The Defamation Campaign And the Florida Lawsuit .................................2

        B.      Mr. Silva's Overwhelming Efforts to Discover Defendants' Identities ....................3

        C.      The Subpoena, Twitter's Objections, and Meet-and-Confer in Satisfaction
                of Civil Local Rule 37 ..............................................................................4

III.    ARGUMENT ......................................................................................................6

        A.      Summary of Law ........................................................................................6

        B.      Notice Has Been Provided to the Anonymous Doe Defendant ................8

        C.      Mr. Silva Alleges a *Prima Facie* Case Under Florida Law for Defamation,
                Defamation *Per Se*, and Defamation by Implication ................................8

                1.      Publication..........................................................................9

                2.      Falsity ...............................................................................11

                3.      Defamation *Per Se*: Malice*, Damages, Defamatory ....................12

        D.      Mr. Silva Alleges a *Prima Facie* Case Under Florida Law for Intentional
                Infliction of Emotional Distress ("IIED") and Stalking (Fla. Stat. §
                784.0485)............................................................................................13

                1.      IIED .................................................................................13

                2.      Stalking (Fla. Stat. § 784.0485).........................................13

        E.      The Balance of the Equities Favors Disclosure of Basic Identifying
                Information............................................................................................14

IV.     CONCLUSION ...............................................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Anonymous Online Speakers*
   661 F.3d 1168 (9th Cir. 2011) .................................................................................. 7

*Art of Living Found. v. Does 1-10*
   No. 10-CV-05022-LHK, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) ................................. 7

*Blake v. Giustibelli*
   182 So.3d 881 (Fla. 4th DCA 2016) ......................................................................... 9, 12

*Corsi v. Newsmax Media, Inc.*
   519 F. Supp. 3d 1110 (S.D. Fla. 2021) ..................................................................... 9, 12

*In re DMCA § 512(h) Subpoena to Twitter, Inc.*
   608 F. Supp. 3d 868 (N.D. Cal. June 21, 2022) .......................................................... 7, 8

*Friedgood v. Peters Pub. Co.*
   521 So.2d 236 (Fla. 4th DCA 1988) ............................................................................ 11

*Garrett v. City & Cnty. of San Francisco*
   818 F.2d 1515 (9th Cir. 1987) ..................................................................................... 7

*Gertz v. Robert Welch, Inc.*
   418 U.S. 323 (1974) ................................................................................................. 11

*Gonzalez v. Google, Inc.*
   234 F.R.D. 674 (N.D. Cal. 2006) ................................................................................. 6

*Granda-Centeno v. Lara*
   489 So.2d 142 (Fla. 3d DCA 1986) ............................................................................. 10

*Highfields Cap. Mgmt., L.P. v. Doe*
   385 F. Supp. 2d 969 (N.D. Cal. 2005) ..................................................................... 7, 14

*Jews For Jesus, Inc. v. Rapp*
   997 So.2d 1098 (Fla. 2008) ......................................................................................... 9

*Klayman v. Judicial Watch, Inc.*
   22 F. Supp. 3d 1240 (S.D. Fla. 2014) ..................................................................... 9, 11

*Krinsky v. Doe 6*
   159 Cal. App. 4th 1154 (Cal. 2008) .............................................................................. 8

*Morse v. Ripken*
   707 So.2d 921 (Fla. 4th DCA 1998) ............................................................................. 11

*Music Grp. Macao Com. Offshore Ltd. v. Does*
    82 F. Supp. 3d 979 (N.D. Cal. 2015) ..................................................................... 7, 14

*Norkin v. The Fla. Bar*
    311 F. Supp. 3d 1299 (S.D. Fla. 2018) ................................................................... 3

*Ozyesilpinar v. Jalali*
    325 So.3d 289 (Fla. 3d DCA 2021) ........................................................................ 13

*Sirpal v. Univ. of Miami*
    684 F. Supp. 2d 1349 (S.D. Fla. 2010) ................................................................... 9

*Skupin v. Hemisphere Media Grp., Inc.*
    314 So.3d 353 (Fla. 3d DCA 2020) ........................................................................ 11

*Smythe v. Does*
    Case No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) ..................... 2, 7

*Solers, Inc. v. Doe*
    977 A.2d 941 (D.C. 2009) ..................................................................................... 8

*Williams v. Worldwide Flight SVCS., Inc.*
    877 So.2d 869 (Fla. 3d DCA 2004) ......................................................................... 13

**Constitutions**

Fla. Const. Article I, § 4 ............................................................................................ 8

**Statutes**

Florida Statute
    § 784.0485(1) .................................................................................................... 3, 13

**Court Rules**

Federal Rules of Civil Procedure
    Rule 1 ............................................................................................................... 15
    Rule 26 .............................................................................................................. 6
    Rule 26(b)(1) ..................................................................................................... 6
    Rule 26(b)(2) ..................................................................................................... 7
    Rule 45 ............................................................................................................. 6, 15
    Rule 45(a)(1)(D) ................................................................................................ 6
    Rule 45(d)(2)(B)(i) ............................................................................................. 6

N.D. California Civil Local Rules
    Rule 37 .............................................................................................................. 5
    Rule 37-2 ........................................................................................................... 7

# **MEMORANDUM IN SUPPORT**

## I.     INTRODUCTION

Strong grounds and the equities exist for the Court to issue an order compelling Twitter to comply with the Subpoena and promptly produce the requested documents and information.[1] This action arises out of a pending lawsuit in the Southern District of Florida proceeding under Case No. 1:22-cv-24262-RKA (the "Florida Lawsuit"). *See* Stolz Decl. iso Motion to Compel ("Stolz Decl.") filed herewith at ¶ 1, Ex. 1 [Complaint]. The underlying Florida Lawsuit involves various claims regarding a carefully-crafted defamation campaign waged against Mr. Silva by one or more anonymous individuals (with the assistance of a mobile billboard company), who are currently identified in the Florida Lawsuit as Defendants John Doe 1, John Doe 2, John Doe 3, and John Doe 4 (the "Defendants").[2] Mr. Silva is a successful businessman, philanthropist, and devoted husband and father.

While the identities of the Defendants are unknown to Mr. Silva at this moment, it is clear that these individuals carefully planned and coordinated their defamation campaign to deliberately target and harm Mr. Silva. They have gone to great lengths to conceal their identities and evade the consequences of their flagrantly unlawful actions. Specifically, the false and defamatory statements entail express and implied accusations of criminality—such as sexual misconduct and bribery. *See* Stolz Decl. ¶ 1, Ex. 1 ¶¶ 17, 21, 24, 26, 28-29, 33, 45.

As further explained herein, the Subpoena requests documents and information from Twitter regarding the identity of the user(s) or subscriber(s) who own(s) and operate(s) the Twitter Handle, u/SOSSilva7.[3] *See* Stolz Decl. ¶ 14, Ex. 6 [Subpoena]. Over the past several months,

---

[1] We advise the Court that on April 19, 2023, Mr. Silva filed a very similar motion to compel, on the same grounds, with respect to a third-party subpoena served on Reddit, Inc. That motion has been assigned to Magistrate Judge Kandis A. Westmore, Miscellaneous Case No, 3:23-mc-80119-KAW. Due to the similar memorandum and arguments on the current motion to compel against Twitter, Mr. Silva will file a Notice of Related Case and request that Magistrate Judge Westmore also be assigned to hear this motion.

[2] Since it is unknown and unknowable at this time whether the anonymous "John Doe" defendants are a single individual or a team of two or more individuals, this Motion to Compel will refer to them collectively in the plural as the "Defendants" unless otherwise specified.

[3] The "Handle" as used in this motion shall have the same meaning as it does in the Subpoena, which is "the Twitter handle or account, u/SOSSilva7." *See* Stolz Decl. ¶ 14, Ex. 6 at ¶ 8.

1   Mr. Silva has undertaken *substantial* measures and expense in an attempt to identify the

2   Defendants—to no avail. *Id.* ¶ 9. The information sought in the Subpoena to Twitter is critical to

3   the interests of justice because it seeks necessary information that could potentially identify one

4   (or more) of the Defendants, specifically, John Doe 3 (the "Defamatory Speaker").[4] Mr. Silva

5   seeks the requested information to identify and serve the anonymous Defamatory Speaker in the

6   Florida Lawsuit. Given that the identity of the Defamatory Speaker is not yet known by Mr. Silva,

7   Twitter has already notified the Defamatory Speaker of the Subpoena and has agreed to provide

8   him/her/them with copies of all filings in this action, including the instant Motion to Compel. *See*

9   Duffy Decl. iso Motion to Compel ("Duffy Decl.") filed herewith at ¶ 7.

10          As demonstrated below, the matter before the Court presents a *classic* example of when an

11  anonymous speaker's unlawful, defamatory remarks and evasive conduct results in a forfeiture of

12  the speaker's qualified right to anonymity. *See Smythe v. Does*, Case No. 15-mc-80292-LB, 2016

13  WL 54125, at *2 (N.D. Cal. Jan. 5, 2016) ("Where anonymous speech is alleged to be unlawful,

14  the speaker's right to remain anonymous may give way to a plaintiff's need to discover the

15  speaker's identity in order to pursue its claim.") (citation omitted). Accordingly, for the reasons

16  provided herein, Mr. Silva respectfully requests the Court issue an order granting this Motion to

17  Compel.

18  **II.      FACTUAL AND PROCEDURAL BACKGROUND**

19          **A.      The Defamation Campaign And the Florida Lawsuit**

20          For unknown reasons, the anonymous Defendants orchestrated and executed an elaborate

21  defamation and harassment campaign against Mr. Silva involving numerous false, defamatory,

22  extreme and outrageous statements published across a website, Reddit.com, Twitter.com, and a

23  mobile billboard. Stolz Decl, ¶ 1, Ex. 1 ¶¶ 1-5, 15-18. Numerous examples of these sensationally

24  false statements are set out in the Complaint in the Florida Lawsuit. In particular, the Defendants

25  have falsely and outrageously published statements that accuse Mr. Silva of criminal activity,

26  including bribery and some of the most infamous acts conceivable involving serial sexual abuse

27  ────────────

28  [4] Per the Complaint, John Doe 3 is the owner of the Twitter handle u/SOSSilva7, which was used
    to post defamatory and false accusation against Mr. Silva. Stolz Decl. ¶ 1, Ex. 1, ¶¶ 12 & 28-29.

and sexual harassment against "young women" in the modeling industry. Stolz Decl. Ex. 1 ¶¶ 17, 21, 24, 26, 28-30, 33, 45. Moreover, the defamatory statements falsely liken him to the conduct of Jeffry Epstein—one of the most notorious sex offenders in American history. *See id.* Ex. 1 ¶¶ 17, 21, 29, 53.

Of particular significance to this Motion to Compel are the allegations and claims regarding the false and defamatory statements published by "John Doe 3" (and potentially other Defendants) on Twitter's platform under the Handle u/SOSSilva7. *Id.*, ¶¶ 1 and 3, and Ex. 1, ¶ 28-30. The false and defamatory statements remain publicly available on Twitter's platform, including on the posts and pages the Defendants created, which puts the identity of the individual(s) behind the Twitter Handle directly at issue. *Id.*, ¶ 1.

## B. Mr. Silva's Overwhelming Efforts to Discover Defendants' Identities

On January 4, 2023, Mr. Silva initiated the Florida Lawsuit and brought five claims against the Defendants in the Southern District of Florida: Defamation[5] (Count I), Defamation Per Se (Count II), Defamation by Implication (Count III), Intentional Infliction of Emotional Distress (Count IV), and Stalking under section 784.0485(1), Florida Statutes (Count V). Stolz Decl, ¶ 1. Since filing the Florida Lawsuit, Mr. Silva has worked diligently to identify the anonymous Defendants primarily so he can effectuate proper service for the Florida Lawsuit. *Id.*, ¶¶ 1, 3-4, 9, 14, 16 and Ex. 4. However, Mr. Silva has not yet been able to identify the anonymous Defendants, including the Defamatory Speaker behind the Twitter Handle. *Id.* Nevertheless, Mr. Silva has undertaken *substantial* efforts and incurred *significant* expense in attempting to identify and serve the Defendants, including but not limited to, the following:

- Subpoenaed Twitter for the identity of the owner(s) of the Twitter Handle, the publisher(s) of the defamatory Twitter posts, and the moderator(s) of the Twitter forum at issue in the Complaint—which, as discussed below, is the subject of this motion.

- Subpoenaed Reddit, Inc. ("Reddit") for the identity of the owner(s) of the Reddit account at issue in the Complaint;

- Subpoenaed Wix for the identity of the purchaser of the Wix-domain associated with

---

[5] In Florida, defamation "encompasses both libel and slander." *Norkin v. The Fla. Bar*, 311 F. Supp. 3d 1299, 1303 (S.D. Fla. 2018) (citations omitted). As noted in the Complaint, the three defamation claims brought by Mr. Silva are for libel and are intended to be construed as such in this Motion to Compel. *See* Stolz Decl. ¶ 1, Ex. 1 at Counts I-III, pp. 13-15.

3

the Website at issue in the Complaint;

- Subpoenaed Verizon, which is the cell-phone service provider for at least one individual believed to be at the helm of the defamation campaign against Mr. Silva and the network provider for the IP address associated with the Website;

- Subpoenaed several individuals based on records produced by Verizon and Wix; and

- Engaged a private investigator to assist in identifying the anonymous Defendants.

Additionally, Mr. Silva is in the process of preparing and issuing subpoenas to several other individuals and companies in hopes of uncovering information that could lead to the identities of the Defendants. These and other efforts are detailed in a public filing in the Florida Lawsuit. *Id*. ¶ 9, Ex. 4. Once again, the foregoing is only a sample of Mr. Silva's extensive efforts undertaken thus far. At this time, however, Mr. Silva has not received any information from Twitter or elsewhere that could be reasonably calculated to lead to the discovery of the information sought in the Subpoena. *Id*. ¶¶ 7, 9, 14-18, and Ex. 8.

**C.      The Subpoena, Twitter's Objections, and Meet-and-Confer in Satisfaction of Civil Local Rule 37**

Initially, Mr. Silva issued a subpoena to Twitter on February 10, 2023 issued from the Florida Lawsuit (the "Initial Subpoena") which requested documents and information relating to the identity of the user(s) or subscriber(s) who own(s) and operate(s) the Twitter Handle, with the place of compliance in Florida. Stolz Decl. at ¶ 4, Ex. 2. Shortly thereafter, counsel for Twitter asserted various objections in response to the Initial Subpoena in lieu of providing responsive documents or information. *Id*. at ¶ 5, Ex. 3.

Counsel for Plaintiff and Twitter thereafter engaged in cooperative meet-and-confer efforts, communicating via email and by phone on numerous occasions in the weeks after Twitter provided its objections to the Initial Subpoena; in that process, they were able to clarify and dispense with several of Twitter's objections. *Id*. ¶¶ 3, 6-18, Ex. 8. To amicably resolve certain other objections, counsel for Mr. Silva issued and served the instant Subpoena upon Twitter in California on April 3, 2023, with the place of compliance in San Francisco. *Id*. ¶¶ 11-14, Ex. 6 [Subpoena]; *see also* Duffy Decl. ¶ 3. This was done with the understanding that if Mr. Silva were

required to file a motion to compel the requested discovery from Twitter, it would be filed in the

Northern District of California (where Twitter is headquartered).[6] Stolz Decl. ¶¶ 11 and 14.

The Subpoena requests the following from Twitter:

All non-content documents, communications, and information that constitute basic

subscriber information for the owner(s) of the Handle, including, but not limited to,

name(s), street/mailing address(s), email address(es), IP logs, username(s) or other

subscriber identity, payment information, billing information, or any other

information that is related or could be used to identify the owner(s) of the Handle.

*Id.* ¶ 14, Ex. 6 at 7.

On April 11, 2023, Twitter responded with its written objections to the Subpoena. *Id.* ¶ 15,

Ex. 7. Among other things, the letter stated that:

Twitter further objects to the Request to the extent it seeks to unmask the identity

of an anonymous speaker. You have provided no documentation demonstrating that

the Court considered and imposed the First Amendment safeguards required before

a litigant may be permitted to unmask the identity of an anonymous speaker. *Id*., at

page 4.

Pursuant to this Court's Civil Local Rule 37, on April 13, 2013, counsel for Mr. Silva and

Twitter continued to engage in meet-and-confer efforts via Zoom in an attempt to resolve the

issues raised in Twitter's objection letter. *Id.* ¶¶ 16-17, and Ex. 8. Counsel for both sides made

progress in narrowing the scope of the Subpoena (clarifying it is limited to non-content basic

subscriber information including IP addresses for the Twitter Handle) and, in turn, narrowing

Twitter's objections. *Id.* ¶ 16. Ultimately, Twitter's only remaining objection to the Subpoena was

limited to First Amendment concerns, taking the position that it could not produce the requested

documents or information unless a court issues an order determining that Plaintiff has satisfied

---

[6] Notice of the Subpoena was served on the only named Defendant to the Florida Lawsuit, Mobile
Billboards, Inc. on March 31, 2023, whose counsel confirmed later that day that they had no
objection to the Subpoena. Stolz Decl. ¶ 15, Ex. 5. Also, following receipt of the Subpoena,
counsel for Twitter advised that Twitter had notified the Defamatory Speaker(s) of the Subpoena.
Duffy Decl. ¶ 7.

certain First Amendment safeguards applicable to such requests. Stolz Decl. ¶ 16. As such, further

meet-and-confer efforts appeared futile. *Id.* Nevertheless, prior to filing the instant Motion to

Compel, California counsel for Plaintiff further met and conferred with Twitter's counsel to

discuss Twitter's objection and see if anything more could be done to resolve them. Duffy Decl.

¶ 4. However, counsel still could not mutually resolve Twitter's sole remaining objection

regarding the First Amendment. Duffy Decl. ¶¶ 6-7.

Based on Twitter's objection, and having exhausted efforts to resolve this matter without

judicial intervention, Mr. Silva needs an Order from this Court to obtain the necessary basic

subscriber information with IP addresses to identify the owner of the Twitter Handle.

## III.    ARGUMENT

### A.    Summary of Law

Strong grounds exist for the Court to issue an order compelling Twitter to comply with the

Subpoena and promptly produce the requested information. Rule 45 of the Federal Rules of Civil

Procedure[7] provides the framework for obtaining discovery on a third-party through subpoenas.

Fed. R. Civ. P. 45(a)(1)(D). The scope of a subpoena issued under Rule 45 is informed by Rule

26, which governs civil discovery in general. *See, e.g.*, *Gonzalez v. Google, Inc.*, 234 F.R.D. 674,

680 (N.D. Cal. 2006). Under the Rules, a court may compel a third-party to produce documents

and information pursuant to a subpoena regarding any "non-privileged matter that is relevant to

any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P.

26(b)(1); s*ee also* Fed. R. Civ. P. 45(d)(2)(B)(i) ["[a]t any time, on notice to the commanded

person, the serving party may move the court for the district where compliance is required for an

order compelling production or inspection." ]. On a motion to compel compliance, the moving

party is to "detail the basis for the party's contention that it is entitled to the requested discovery

and show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied."

---

[7] Unless otherwise specified, any reference to a "Rule" or the "Rules" shall be construed as a
reference to the Federal Rules of Civil Procedure.

N.D. Cal. Civ. LR. 37-2. The Court has discretion to determine whether to grant a motion to compel. *See Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987).

When a motion to compel involves a third-party subpoena to an online service provider for documents and information that could potentially reveal the identity of an anonymous speaker, a threshold determination regarding certain First Amendment standards must first be made. This is premised on an online user's First Amendment right to anonymous speech. *See, In re DMCA §512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868 at 876 (N.D. Cal. June 21, 2022) (citing *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011)). But "the right to anonymity is not absolute." *Smythe v. Does*, Case No. 15-mc-80292-LB, 2016 WL 54125, at *2 (N.D. Cal. Jan. 5, 2016) (citing *Art of Living Found. v. Does 1-10*, No. 10-CV-05022-LHK, 2011 WL 5444622, at *4 (N.D. Cal. Nov. 9, 2011)); *accord In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011). "Where anonymous speech is alleged to be unlawful, the speaker's right to remain anonymous may give way to a plaintiff's need to discover the speaker's identity in order to pursue its claim." *Art of Living*, 2011 WL 5444622, at *4.

On a motion to compel a service provider to produce information that could potentially reveal the identity of an anonymous speaker, the party seeking the information must first "persuade the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005). In reaching such a determination, this court has applied a three-pronged framework: "[W]hen adjudicating a subpoena or other request for compelled disclosure that would reveal the identity of an anonymous speaker, a court should (1) notify the speaker and provide them with an opportunity to (anonymously) defend their anonymity; (2) require the party seeking disclosure to make a prima facie showing on the merits of their claim; and (3) balance the equities, weighing the potential harm to the party seeking disclosure against the speaker's interest in anonymity, in light of the strength of the underlying claim." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp.

3036.000/1840502.1

3d 868, 876. As explained below, the Subpoena to Twitter satisfies the applicable First Amendment standards, and the Court should accordingly grant this Motion to Compel.

### B. Notice Has Been Provided to the Anonymous Doe Defendant

As evidenced by the very nature of the Subpoena, Mr. Silva does not know the identity of the Defamatory Speaker and is thus limited in the ability to provide notice beyond the public docket filings he has already initiated. As that hurdle naturally presents itself whenever the issue before this Court arises, courts have determined the notice requirement is satisfied when the service provider (*e.g.*, Twitter) represents that it has transmitted notice to the anonymous speaker with the available information it has for the account. *See, e.g.*, *Krinsky v. Doe 6*, 159 Cal.App.4th 1154, 1171 (Cal. 2008) ("when ISPs [Internet Service Providers] and message-board sponsors (such as [Twitter]) themselves notify the defendant that disclosure of his or her identity is sought, notification by the plaintiff should not be necessary"); *see also Solers, Inc. v. Doe*, 977 A.2d 941, 954 (D.C. 2009) (collecting cases) ("it often will be simpler and more effective to require the recipient of the subpoena (who likely knows the identity of the anonymous defendant, or at least knows how to contact him) to provide such notice.").

Here, counsel for Mr. Silva coordinated with Twitter to provide the Defamatory Speaker with sufficient notice of the Initial Subpoena, this Subpoena, and this Motion so the speaker may have an opportunity to defend their anonymity. *See* Stolz Decl. ¶ 11; *see also* Duffy Decl. ¶ 7. Moreover, the Defamatory Speaker has had ample opportunity to make an appearance in either this action or the Florida Lawsuit, which they are likely aware of given the carefully coordinated nature of the defamation campaign. *See generally, e.g.*, *Krinsky*, 159 Cal. App. 4th at 1160 ("Doe" defendant anonymously appeared and moved to quash after receiving notice from online service provider). Accordingly, the Court should find that the notice requirement has been satisfied.

### C. Mr. Silva Alleges a *Prima Facie* Case Under Florida Law for Defamation, Defamation *Per Se*, and Defamation by Implication

The Florida Constitution expressly provides that one who abuses the right to freely speak, write, and publish on a subject shall be held responsible. *See* Fla. Const. Art. I, § 4. In Florida, an action for defamation will lie for "a false and unprivileged publication by letter, or otherwise,

which exposes a person to distrust, hatred, contempt, ridicule or obloquy or which causes such person to be avoided, or which has a tendency to injure such person in [their] office, occupation, business or employment." *Blake v. Giustibelli*, 182 So.3d 881, 884 (Fla. 4th DCA 2016) (citations and quotations omitted). Under Florida law, a plaintiff must satisfy the following elements to plead a *prima facie* defamation case: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008).

Florida law also recognizes that "false statements which suggest that someone has committed a dishonest or illegal act are defamatory *per se*." *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021) (citations omitted). Thus, "when a statement is so obviously defamatory and damaging to one's reputation, it gives rise to an absolute presumption both of malice and damage." *Id.* (citations and quotations omitted). Moreover, Florida recognizes a cause of action for defamation by implication. *Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1100 (Fla. 2008). "Defamation by implication arises, not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts . . . ." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1254 (S.D. Fla. 2014) (citing *Jews for Jesus*, 997 So.2d at 1106). Thus, "[d]efamation by implication is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements." *Corsi*, 519 F. Supp. 3d at 1124 (citation omitted).

### 1. **Publication**

To satisfy the *publication* element of defamation, a plaintiff must plead that "the defendant published a false statement about plaintiff to a third party." *Sirpal v. Univ. of Miami*, 684 F. Supp. 2d 1349, 1360 (S.D. Fla. 2010); *accord Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1251 (S.D. Fla. 2014) ("The publication of a statement in a defamation claim only requires the dissemination of a false statement to a person other than the defamed person."). Put simply,

"[p]ublication of defamatory matter is communication of the statement to a third person." *Granda-Centeno v. Lara*, 489 So.2d 142, 143 (Fla. 3d DCA 1986).

Here, several allegations satisfy the "publication" element. Initially, the Defendants sent a mobile billboard around the crowded streets of South Miami Beach during the weekend of Miami Art Basel featuring a large photo of Mr. Silva's face with text falsely accusing Mr. Silva of being a sexual predator. Stolz Decl. ¶ 1, Ex. 1 at ¶¶ 31-36. In fact, Mr. Silva's seventeen-year-old son saw the billboard and was consequently devastated. *Id.* at ¶ 36. Meanwhile, it is a matter of common sense that other members of the public necessarily saw the billboard while paraded around South Miami Beach during one of the most popular events of the year. Further, the mobile billboard directed viewers' attention to Twitter and Twitter pages that the Defendants created, which contain additional false and defamatory statements. *Id.* at ¶ 1, Ex. 1, at ¶ 4.

The defamatory statements on the Reddit forum independently constitute publication. Under the guise of username u/SOSSilva7, Defendants posted defamatory remarks about Mr. Silva on various Reddit forums, including r/NYC, r/Miami, r/Florida, r/Chicago, r/Illinois, r/London, r/metoo, r/Modeling, r/sexualassault, r/TwoXChromosomes, r/abusesurvivors, r/emotionalabuse. *Id.* at ¶¶ 23-24. Collectively, there are roughly 16.1 million members in these Reddit forums. *Id.* at ¶ 24. Numerous Reddit users have directly engaged with Defendants' account by commenting on and "liking" posts that contain false and defamatory statements about Mr. Silva. Stolz Decl. ¶ 1. Additionally, Defendants created and assigned themselves as the moderator of a Reddit forum titled r/SOSSilvaSurvivors for which it garnered a few "followers" and posted more false and defamatory statements about Mr. Silva while tagging other popular Reddit forums to deliberately ensure that followers of those forums would see the statements. *Id.* ¶ 1, Ex. 1, at ¶¶ 25-26.

Similarly, Defendants published false and defamatory statements on the Twitter account with the handle @SOSSilva7. *Id.* ¶ 1, Ex. 1 at ¶¶ 28-30. As depicted in the Complaint, each defamatory tweet was published directly to various media outlets by tagging them in the posts: the Miami Herald, Miami New Times, Miami Beach News, and the account for the international arts festival, Art Basel. *Id.* ¶ 29. Finally, the Defendants created a website called "sossilva.org"

wherein they published more false and defamatory statements about Mr. Silva. Id. ¶ 20-22. The website and its tortious contents are available to members of the public, some of whom have viewed it and reshared the link to the website on social media platforms like Twitter.

Accordingly, Mr. Silva has demonstrated a sufficient evidentiary basis for believing the Defendants *published* the false and defamatory statements about him.

## 2.  **Falsity**

Under Florida law, the element of *falsity* is satisfied by showing that the defamatory statement is a factual assertion that is "capable of being proved true or false on a core of objective evidence," rather than a statement of pure opinion. *See Skupin v. Hemisphere Media Grp., Inc.*, 314 So.3d 353, 356 (Fla. 3d DCA 2020); *see also Friedgood v. Peters Pub. Co.*, 521 So.2d 236, 242 (Fla. 4th DCA 1988) ("[A] false statement of fact is absolutely necessary if there is to be recovery in a defamation action.") (citation omitted).[8] When the claim is for defamation by implication, falsity is also established when a defendant creates a defamatory implication by juxtaposing or omitting certain facts. *See Klayman*, 22 F. Supp. 3d at 1254.

The statements at issue are textbook examples of factually false statements subject to a claim for defamation under Florida law. Specifically, the statements on the Website, Reddit, and Twitter pages that falsely accuse Mr. Silva of engaging in sexual misconduct with young women—particularly within the modeling industry—are "capable of being proved true or false on a core of objective evidence." The statements—on their face—falsely accuse Mr. Silva of egregious criminal acts that are capable of being proven that they did not occur as a matter of fact. Likewise, the *context* of the statements suggests that Mr. Silva committed egregious criminal acts of sexual misconduct. The statements falsely and outrageously liken him to disgraced convicted sex offender, Jeffry Epstein. In sum, the defamatory statements about Mr. Silva constitute egregious statements of fact that are capable of being proven false based on objective evidence.[9]

---

[8] Significantly, courts recognize "there is no constitutional value in false statements of fact." *Morse v. Ripken*, 707 So.2d 921, 922 (Fla. 4th DCA 1998) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974)).

[9] Notably, as discussed *infra*, Section E, the information in Twitter's possession regarding the identity of the Defamatory Speaker is essential in affording Mr. Silva his due process right to

Accordingly, Mr. Silva has demonstrated a sufficient evidentiary basis that the defamatory statements about him are *false* statements of fact "capable of being proved true or false on a core of objective evidence."

### 3. <u>Defamation *Per Se*: Malice, Damages, Defamatory</u>

In Florida, when a false statement suggests that an individual has committed a dishonest or illegal act, it is considered "so obviously defamatory and damaging to one's reputation" that it gives rise to an "absolute presumption" that the third and fourth elements of defamation—*malice* and *damages*—have been satisfied. *Corsi*, 519 F. Supp. 3d at 1119 (citations and quotations omitted). "[A] publication is libelous per se, or actionable per se, if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Blake v. Giustibelli*, 182 So.3d 881, 884 (Fla. 4th DCA 2016) (citations omitted).

Here, the pervasive and carefully coordinated efforts underlying Defendants' actions demonstrate that they knowingly published the egregious falsehoods about Mr. Silva. In any event, Defendants' accusations are defamatory *per se* because they blatantly accuse Mr. Silva of committing "crimes" and some of the most infamous crimes conceivable involving sexual misconduct. Not to mention, the Website post also accuses him of bribery. Further, the defamatory statements falsely liken him to the conduct of Jeffry Epstein—one of the most notorious sex offenders in American history. Finally, the statements falsely accuse Mr. Silva of committing these abhorrent acts against "young women" in the modeling industry, which undeniably has a tendency to injure him in his profession as the owner of the model and talent agency, Select Model Management. Stolz Decl. ¶ 1, Ex. 1 at ¶ 15.

Accordingly, Mr. Silva has shown a sufficient evidentiary basis that the Defendants' accusations about him are defamatory *per se* and, alternatively, are malicious and defamatory

---

decisively establish the falsity of the defamatory statements about him in a court of law.

statements that caused harm to Mr. Silva's family, goodwill, and his personal and professional reputation.

**D.** **Mr. Silva Alleges a *Prima Facie* Case Under Florida Law for Intentional Infliction of Emotional Distress ("IIED") and Stalking (Fla. Stat. § 784.0485)**

**1.** **IIED**

To state a *prima facie* claim for IIED in Florida, one must show that "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Williams v. Worldwide Flight SVCS., Inc.*, 877 So.2d 869, 870 (Fla. 3d DCA 2004). As established above, accusing someone of criminal misconduct is extreme and outrageous conduct that goes beyond the bounds of all human decency. In short, the false and defamatory statements discussed above have personally harmed Mr. Silva to an immeasurable degree.

Additionally, the nature of the carefully-crafted campaign to launch a concerted attack on Mr. Silva is extreme and outrageous in and of itself—from making a website, to parading a mobile billboard around South Miami Beach with Mr. Silva's face on it during one of the busiest weekends of the year, labeling him a predator, to the other egregious conduct alleged against Defendants in the Complaint. This conduct clearly attempts to seriously injure Mr. Silva's status, goodwill, and reputation, and constitutes extreme and outrageous behavior that goes beyond the bounds of human decency.

**2.** **Stalking (Fla. Stat. § 784.0485)**

Finally, Mr. Silva pleads a *prima facie* claim for stalking against Defendants under section 784.0485(1), Florida Statutes. To plead a cause of action under section 784.0485(1), a party must demonstrate the defendant engaged in a course of harassing conduct that is (i) specifically directed at plaintiff, (ii) causes "substantial emotional distress to plaintiff, and (iii) serves no legitimate purpose. *See Ozyesilpinar v. Jalali*, 325 So.3d 289, 293 (Fla. 3d DCA 2021).

Here, as previously explained, the Defendants engaged in an elaborate course of conduct designed to harass Mr. Silva to cause him substantial emotional distress. The mobile billboard driven around the crowded streets of South Miami Beach featured a large photo of Mr. Silva's face with text that knowingly propagated false accusations about alleged predation (Stolz Decl.

¶ 1, Ex. 1 at ¶¶ 31-36), as viewed by Mr. Silva's seventeen-year-old son who was devastated. *Id.* at ¶ 36. Additionally, the Twitter account made a deliberate effort to tag media outlets and other pages that are relevant to personal and professional matters in Mr. Silva's life.

Overall, the defamation campaign has been relentless and ongoing for several months; it transcends numerous platforms and serves no legitimate purpose other than to harass and unlawfully injure Mr. Silva.

**E.** **The Balance of the Equities Favors Disclosure of Basic Identifying Information**

Finally, the balance of equities and interests of justice favor disclosure of the basic identifying information sought in the Subpoena because the potential harm to Mr. Silva, his family, and his personal and professional reputation outweighs the Defamatory Speaker's interest in impenetrable anonymity.

First, as established above, Mr. Silva, his family, and his businesses have already suffered, and will continue to suffer, serious harm with each day that passes without being able to identify the Defamatory Speaker. Second, obtaining the identity of the Defamatory Speaker from Twitter is "necessary to enable [Mr. Silva] to protect against or remedy serious wrongs" by way of the Florida Lawsuit. *Music Group*, 82 F. Supp. 3d at 983-84 (quoting *Highfields*, 385 F. Supp. 2d at 976)). The requested discovery is essential to Mr. Silva's ability to move forward with the Florida Lawsuit and address the dispute with the necessary parties. Without the identity of the Defamatory Speaker, Mr. Silva will not be able to serve him in the Florida Lawsuit, which in turn will deny adjudication and justice on the merits of Mr. Silva's claims. In short, without the requested information from Twitter, Mr. Silva's due process rights will continue to be prejudiced.

Additionally, as previously demonstrated, Mr. Silva has been working diligently to obtain the information from other sources. Yet Twitter is the only entity that can provide the important information requested in the Subpoena. The Subpoena is narrowly tailored to basic subscriber information (BSI) and proportional to the needs of the case, with any identifying information obtained from Twitter to be used solely for the purposes of identifying the Defamatory Speaker

and serving him with process in the Florida Lawsuit. While the true name of John Doe 3 is
unknown to Plaintiff, this information is readily available to Twitter and should be produced.

Further, the equitable considerations underlying the Federal Rules of Civil Procedure
support disclosure in this action. Notably, the Rules establish at the outset that they "should be
construed, administered, and employed by the court and the parties to secure the just, speedy, and
inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus, the equities
further favor disclosure by Twitter pursuant to Rule 45 because any information potentially
identifying a defendant in the underlying Lawsuit would unequivocally promote a more "just,
speedy, and inexpensive" determination of the underlying Lawsuit. Absent the identity of the
Defamatory Speaker, Mr. Silva would be forced to incur additional expense in attempting to track
down the Defamatory Speaker's identity. Given the efforts undertaken to date by Mr. Silva to
obtain this vital information, and the lack of success, it appears unlikely that this information will
be obtainable from other sources. *See* Stolz Decl. ¶ 9, 12-13 19.

On the other hand, the Defamatory Speaker—Defendant John Doe 3—has a diminished
interest in anonymity under the circumstances. First, as established above, the speech he espoused
against Mr. Silva on Twitter, as well as the other speech alleged in the Complaint that he was
likely involved with publishing, is unprotected speech and is defamatory *per se*. Second, the
interests of justice and principles of equity favor that the Defamatory Speaker be identified so he
may answer for his egregious misdeeds in court. Likewise, the interests of justice and principles of
equity favor production of the identifying information so the Speaker may be properly served with
process in the underlying Lawsuit.  Also, the anonymous Speaker is named as a Doe defendant in
the underlying Florida Lawsuit, rather than a witness or third-party caught up in another's
unlawful conduct. Moreover, equity favors disclosure where, as here, the need to obtain
identifying information from a service provider such as Twitter is due to the Defamatory
Speaker's own actions (or those of his accomplices) in purposefully concealing their identities.

In sum, the balance of the equities weighs decisively in Mr. Silva's favor based on the
Defamatory Speaker's carefully-coordinated and anonymous campaign to defame Mr. Silva.

NOTICE OF MOTION AND MOTION TO COMPEL TWITTER
TO RESPOND TO SUBPOENA; MPA IN SUPPORT

1    **IV.    CONCLUSION**

2         For the foregoing reasons, Mr. Silva respectfully requests that the Motion to Compel be

3    granted and that the Court issue an order compelling Twitter to comply with the Subpoena and

4    promptly produce the requested information regarding the identity of the Defamatory Speaker.

5

6    DATED:  April 20, 2023              BARTKO ZANKEL BUNZEL & MILLER
                                         A Professional Law Corporation
7

8

9                                       By:    _____*/s/ Kerry L. Duffy*_____
                                               Kerry L. Duffy
10                                             Attorneys for Plaintiff RICCARDO SILVA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3036.000/1840502.1                          16

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

RICCARDO SILVA,

       Plaintiff,

vs.

JOHN DOE 1 (OWNER(S) OF WEBSITE
SOSSILVA.ORG);

JOHN DOE 2 (OWNER(S) OF REDDIT
USERNAME @SOSILVA7);

JOHN DOE 3 (OWNER(S) OF TWITTER
HANDLE @SOSILVA7);

JOHN DOE 4;

MOBILE BILLBOARDS, INC.,

       Defendants.

Case No.: 1:22-cv-24262-RKA

## COMPLAINT

Plaintiff Riccardo Silva ("Silva"), hereby sues Defendants John Doe 1, John Doe 2, John Doe 3, and John Doe 4, all of whom may be a single person or may be more than one person (the "John Doe Defendant(s)"), and Mobile Billboards, Inc. (the "Mobile Billboard Defendant," and together with the John Doe Defendant(s), the "Defendants") and alleges:

## INTRODUCTION

1.    This case involves a defamatory campaign waged by the John Doe Defendant(s), with the assistance of the Mobile Billboard Defendant, against Mr. Silva, a successful businessman, a philanthropist, and a devoted husband and father, which campaign was designed to damage Mr. Silva both personally and professionally by publishing false and outrageous accusations of criminality against him.

2.      The purpose of this defamatory campaign is unknown to Mr. Silva, as the John Doe Defendants have hidden their identity or identities, but the campaign was designed to cause—and has in fact caused—grave damage to Mr. Silva and his family.

3.      Indeed, the Defendants sent a mobile billboard around South Miami Beach during the weekend of Miami Art Basel featuring a large photo of Mr. Silva's face with text knowingly falsely accusing Mr. Silva of being a "predator." Mr. Silva was in Miami at the time with his wife and children, and his seventeen-year-old son saw the billboard. This has, not surprisingly, caused devastation to Mr. Silva and his family.

4.      The mobile billboard directed viewers' attention to Twitter and Reddit pages, created by the John Doe Defendant(s), which contain additional knowingly false and defamatory statements. The John Doe Defendant(s) have also created a website that includes still more knowingly false and defamatory statements and accusations against Mr. Silva.

5.      The Defendants have caused and are continuing to cause grave damage to Mr. Silva by publishing this knowingly false and defamatory material accusing Mr. Silva of criminal and deviant conduct.  Mr. Silva and his family are in fear of their safety and security as a result of the Defendants' harassment and defamatory campaign.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this case because the amount of damages sought by Mr. Silva, exclusive of any attorney's fees, costs, and expenses, exceeds $75,000.

7.      This Court has personal jurisdiction over each of the Defendants in that, at all relevant times, they (a) resided in Florida and/or (b) committed tortious acts in Florida.

8.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2)

Greenberg Traurig, P.A.  ▪  333 S.E. 2nd Avenue, Suite 4400  ▪  Miami, Florida 33131 ▪  Tel 305.579.0500 ▪  Fax 305.579.0717 ▪  www.gtlaw.com

because at least one of the Defendants reside in this District and all Defendants are residents of Florida, and/or because a substantial part of the events giving rise to the below claims occurred in this District.

## THE PARTIES

9.      Mr. Silva is an individual whose domicile is London, United Kingdom. Mr. Silva owns a condominium in South Miami Beach.

10.     Defendant John Doe 1 is the owner of the website sossilva.org. Upon information and belief, John Doe 1 resides in the State of Florida. John Doe 1 committed the tortious acts described herein in the State of Florida. Notably, as the allegations *infra* show, John Doe 1 may be one or more individuals and may be the same individual as John Doe 2, 3, or 4.

11.     Defendant John Doe 2 is the owner of the Reddit username @SOSilva7. Upon information and belief, John Doe 2 resides in the State of Florida. John Doe 2 committed the tortious acts described herein in the State of Florida. Notably, as the allegations *infra* show, John Doe 2 may be one or more individuals and may be the same individual as John Doe 1, 3, or 4.

12.     Defendant John Doe 3 is the owner of the Twitter handle @SOSSilva7. Upon information and belief, John Doe 3 resides in the State of Florida. John Doe 3 committed the tortious acts described herein in the State of Florida. Notably, as the allegations *infra* show, John Doe 3 may be one or more individuals and may be the same individual as John Doe 1, 2 or 4.

13.     Defendant John Doe 4 is the individual who hired the billboard from the Mobile Billboard Defendant. Upon information and belief, John Doe 4 resides in the State of Florida. John Doe 4 committed the tortious acts described herein in the State of Florida. Notably, as the allegations *infra* show, John Doe 4 may be one or more individuals and may be the same individual as John Doe 1, 2, or 3.

14.     The Mobile Billboard Defendant is a Florida corporation with principal offices in

3

Parrish, Florida, and is duly authorized to conduct business in the State of Florida.  The Mobile Billboard Defendant offers mobile billboard services—i.e., a billboard that is placed on the rear of a motor vehicle and is observable by other motorists and pedestrians.  The Mobile Billboard Defendant committed the tortious acts described herein in the State of Florida.

## FACTUAL BACKGROUND

15.     Mr. Silva is a husband, a father, and a renowned businessman and investor.  He owns the investment company, Silva International Investments, an investment company that manages and invests in various sectors—media, technology, sports, entertainment, the arts, and real estate, to name a few.  He also owns the model and talent agency, Select Model Management.  In addition, he is the president and co-owner of the American professional soccer team, Miami FC, and an investor in and co-owner of AC Milan, one of the most successful soccer teams in the world.

16.     Mr. Silva is a devoted philanthropist, as well. He donates substantial time and money to various causes.  He has made significant donations across a range of projects in Europe, Africa, and the United States (particularly, Miami, Florida), including to Florida International University ("FIU"), Mount Sinai Medical Center, Gulliver Schools, St. Stephen's Episcopal Day School, the Bass Museum of Art, the New World Symphony, Play for Change, The Foundation for AIDS Research, Elton John AIDS Foundation, the Novak Djokovic Foundation, Movimiento Shalom, and the Bali Street Kids Project.  In recognition of Mr. Silva's contributions to FIU and, more generally, to the city of Miami, FIU named its football and soccer stadium—Riccardo Silva Stadium—after him.

17.     Mr. Silva is an upstanding, law-abiding citizen. And yet, to his shock, the Defendants have recently set forth a damaging campaign against him, designed to damage him

Greenberg Traurig, P.A.  ■  333 S.E. 2nd Avenue, Suite 4400  ■  Miami, Florida 33131  ■  Tel 305.579.0500  ■  Fax 305.579.0717  ■  www.gtlaw.com

personally and professionally by accusing him of conduct that is categorially false. Specifically, the Defendants have falsely accused Mr. Silva of serial sexual abuse and sexual harassment, bribery, and other falsely alleged conduct. Outrageously, the Defendants have falsely compared Mr. Silva to the likes of Jeffrey Epstein.

18.     Each and every one of these accusations against Mr. Silva is knowingly **false**—fabricated by the Defendants to damage and destroy Mr. Silva's personal and professional life.

19.     Mr. Silva seeks compensatory and punitive damages resulting from the harm that the Defendants' defamatory campaign has caused him and will continue to cause him.

### The Website

20.     John Doe 1 created the website sossilva.org (the "Website") on September 8, 2022.

21.     The Website contains only the following accusations:

We, the survivors of sexual violence and exploitation at the hands of Riccardo Silva of Select Model Management, Silva International Investments, and other companies, have built this site to tell our story to the world, For years, Silva has used his business interests to further his own dark desires, As young women in the modeling industry, we knew that people like Riccardo Silva were out there, looking to prey on us through a combination of intimidation, bribery and emotional abuse. Silva was and is all that and more. He declared himself "untouchable" to almost all of us. He laughed when confronted with the toll his abuse had taken. He pursued us in every way and tried to destroy us when we resisted.

Like Epstein before him, he sheltered himself from any blowback through his wealth and his connections.Today we say no more. Today, we name Riccardo Silva as a serial sexual predator. We will tell our story to the world. We will not rest until the world knows who Riccardo Silva really is. Not the patron of the arts or football enthusiast or business "mogul", but a thug. An animal. A coward. An absentee father to children he denies.Your crimes will be exposed.

We demand justice. We will not rest until you acknowledge the havoc you have brought upon the lives of so many.

22.     Each and every one of these accusations made by John Doe 1 on the Website against Mr. Silva is knowingly false, defamatory, and extreme and outrageous.

### The Reddit Campaign

23.     John Doe 2 created the Reddit username u/SOSilva7 on September 8, 2022—the

5

same day the Website was created.

24.     Throughout October 2022, u/SOSilva7 made the following post (the "Reddit Posts") across several Reddit forums, including r/NYC, r/Miami, r/Florida, r/Chicago, r/Illinois, r/London, r/metoo, r/Modeling, r/sexualassault, r/TwoXChromosomes, r/abusesurvivors, r/emotionalabuse. Together, there are roughly 16.1 million members in these Reddit forums:

"TW- my story of abuse and harassment.

Hello All,

I was in the industry for years and left after the incident I've described below. Currently, my goal is to make aspiring models and others interested in the industry aware that this behavior occurs and is far more commonplace than most think. Everything here happened to me and unfortunately was experienced by several people.

A few years ago, I began working with Select Model Management. They had (and objectively have) a decent reputation in a industry where we all pretty much realize it is only a matter of time until we experience something creepy, unwelcomed or downright horrible.

Over the course of my work, I interacted with Riccardo Silva. He's European (Italian I think) and married. Extremely wealthy. Multiple businesses and everything you'd expect. We were at several events together and he was always surrounding himself with my colleagues, other women from other agencies or just women in general. His vibe was . . . neutral but hostile? If that makes sense? Not a huge change from most in the industry, so I really just went about my work.

Over time, I saw him at other events more frequently, we made small talk and that was about it. One time he touched my shoulder with unusual force, but I didn't think much of it. Then he started reaching out. This was unsettling, because I certainly didn't expect it and while the agency had all of my info, you don't expect someone who is essentially your boss to reach out socially.

It went from a normal, 'hey, how are you', and got weird immediately after. Asking me what I liked sexually. Telling me his body count and who specifically in our agency that he slept with. The 'obvious benefits' of me sleeping with him. My brain just blanked. I didn't really respond initially. This had happened so often before at other places, and a quick 'fck off!' usually helped, but not with a person at this level and not there. I just didn't know what to do.

He kept it up, it became almost an everyday thing. I started to respond and tell him

6

this made me uncomfortable. He ignored it every time. When I saw him, he'd touch me and say things under his breath. If I was talking to other men, he'd interject himself into the conversation. All the while, he kept harassing me. I mentioned it to other people and they'd shrug, or nod, share their experience and tell me to stay as far away from him as possible. It made me physically sick. I lost weight, lost interest in a lot of things. One of the worst parts was seeing him present this image to the outside world that he was a good guy, pictures with his family playing soccer, art donations, etc. Meanwhile, he tormented me at the same time.

He ramped it up and got angry. If I wouldn't sleep with him on my own, I'd 'do it for money, of course' Constant propositions, across phone, text, dm, etc. Shaming me. Saying he'd destroy me. Destroy my career. Shame my family, especially a family member that was very ill at the time. All the things I feared, however irrational, he pushed on and made me feel like shit. It came to a head when I saw him for the last time and he grabbed me so hard on my arm it left bruises. Told me he 'wasn't interested in trash like me', that he just wanted to toy with me, that I wasn't pretty enough anyway.

I quit. Soon after, a flood of people reached out to me, sharing their experiences, which were identical to my own in some cases, and far, far, far worse in others. He harassed, intimidated, and violently abused several women. He abused his position of power to abuse others.

My life was pretty beautiful, and it still is, but despite therapy and wonderful family and friends, Riccardo's harassment and abuse changed who I am, and how I interact with people in every part of my life.

It made me harder, but I'm determined to use that to help others. To make people like him know that they can't treat people like that and to call that abuse out for others.

If you have experienced anything like this, I send you strength and love. Thank you all for reading."

25.     In December 2022, John Doe 2 created and assigned itself as the moderator of the

Reddit forum r/SOSSilvaSurvivors (the "Reddit Forum").

26.     In the Reddit Forum, u/SOSilva7 made the following post:

Greenberg Traurig, P.A.  ▪  333 S.E. 2nd Avenue, Suite 4400  ▪  Miami, Florida 33131  ▪  Tel 305.579.0500  ▪  Fax 305.579.0717  ▪  www.gtlaw.com



27.     Each and every one of these accusations made by John Doe 2 on Reddit against Mr.

Silva is knowingly false, defamatory, and extreme and outrageous.

**The Twitter Campaign**

28.     In September 2022, John Doe 3 created the Twitter account @SOSSilva7, which is

based out of Miami, Florida, as the account's Twitter page shows.   The biography reads:

"Survivors Of Silva- The survivors of sexual violence and intimidation at the hands of Riccardo

Silva of Select Model Management/Silva International Investments":

8



29.     On December 3, 2022, John Doe 3 posted a five-tweet thread, tagging media entities, such as the Miami Herald, Miami New Times, and Miami Beach News, along with the Twitter account for the international arts festival, Art Basel, which is located in Miami, Florida. The thread contained similar defamatory and false accusations to those made by John Doe 1 on the Website and by John Doe 2 on Reddit:

9



SOSSilva
@SOSSilva7

After years of gathering our courage, we are finally ready to tell our stories of abuse, harassment and degradation at the hands of Riccardo Silva, owner of @sportbusiness and @themiamifc. A thread 1 @MiamiHerald @MiamiNewTimes @MiamiBeachNews @ArtBasel

10:05 AM · Dec 3, 2022



SOSSilva
@SOSSilva7

Silva used the modeling industry as a vehicle to feed his desires to harass, intimidate and abuse young women. He used every method possible to make us feel insignificant and small
2
@MiamiHerald @MiamiNewTimes @MiamiBeachNews @ArtBasel

10:08 AM · Dec 3, 2022



SOSSilva
@SOSSilva7

After one of us told her story on Reddit, there was an outpouring of support, love, advice and grace from other victims of abuse and intimidation. The love we were shown gave us the strength to be here in this place now
3
@MiamiHerald @MiamiNewTimes @MiamiBeachNews @ArtBasel

10:10 AM · Dec 3, 2022

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com



30.     Like the false accusations against Mr. Silva on the Website and on Reddit, John

Doe 3's accusations of grotesque conduct against Mr. Silva on Twitter are knowingly false,

defamatory, and extreme and outrageous.

### The Mobile Billboard Campaign

31.     In or around December 2, 2022, Defendant John Doe 4 purchased a mobile

billboard (the "Billboard") from the Mobile Billboard Defendant.

32.     Defendant John Doe 4 hired the Mobile Billboard Defendant to drive around the

location of Mr. Silva's condominium he owns in South Miami Beach on Saturday, December 3,

2022, which was the weekend of Miami Art Basel, one of the busiest weekends of the year in

Miami Beach.

11

33.     On the Billboard, the Defendants falsely accused Mr. Silva of being a "predator on the loose in Miami." Observers of the Billboard are further directed to the above-referenced Twitter handle, @SOSSilva7, and Reddit Forum, r/SOSSilvaSurvivors:



34.     The Defendants' accusation that Mr. Silva is a "predator" is knowingly false,

Greenberg Traurig, P.A. ▪ 333 S.E. 2nd Avenue, Suite 4400 ▪ Miami, Florida 33131 ▪ Tel 305.579.0500 ▪ Fax 305.579.0717 ▪ www.gtlaw.com

defamatory, and extreme and outrageous. And, as alleged *supra*, the accusations against him on Twitter and Reddit are knowingly false, defamatory, and extreme and outrageous.

35.     The Mobile Billboard Defendant knew or should have known the accusations against him were false or, at least, the Mobile Billboard Defendant recklessly disregarded the falsity of the accusations.

36.     Mr. Silva's seventeen-year-old son witnessed the truck driving around the neighborhood of Mr. Silva's South Beach condo. He was devasted to see his father portrayed in this way. This has caused extreme emotional distress to Mr. Silva and his family.

37.     Mr. Silva has suffered damages as a result of the Defendants' knowingly false, defamatory, extreme and outrageous, and injurious campaign against him. In particular, Mr. Silva has suffered, and will continue to suffer, monetary damages, including in connection with his reputation and business interests, and severe emotional distress. In addition, Mr. Silva fears for his and his family's safety and security, given the defamatory and harassing campaign against him.

38.     All conditions precedent to the maintenance of this action have occurred, been performed, complied with, or waived.

## COUNT I: DEFAMATION (LIBEL)
### (Against All Defendants)

39.     Mr. Silva incorporates as if fully set forth herein paragraphs 1 through 38 above.

40.     The Defendants published to millions of third parties knowingly false, defamatory statements of and concerning Mr. Silva on the Website, Twitter, Reddit, and the Billboard, as outlined *supra*.

41.     The Defendants knew that said statements of and concerning Mr. Silva were false, recklessly disregarded the falsity of said statements, and/or were negligent as to the falsity of said statements.

Greenberg Traurig, P.A.  ■  333 S.E. 2ⁿᵈ Avenue, Suite 4400  ■  Miami, Florida 33131  ■  Tel 305.579.0500  ■  Fax 305.579.0717  ■  www.gtlaw.com

42.     As a result of the Defendants' wide publication of the above false statements, Mr. Silva has suffered damages, including without limitation, monetarily, to his reputation, and to his business interests.

WHEREFORE, Mr. Silva demands judgment against the Defendants for money damages, pre- and post-judgment interest, and such other relief as the Court deems just and proper.  In addition, Mr. Silva seeks punitive damages pursuant to Fla. Stat. § 768.72.

## COUNT II: DEFAMATION (LIBEL) PER SE
### (Against All Defendants)

43.     Mr. Silva incorporates as if fully set forth herein paragraphs 1 through 42 above.

44.     The Defendants published to millions of third parties knowingly false, defamatory statements of and concerning Mr. Silva on the Website, Twitter, Reddit, and the Billboard, as outlined *supra*.

45.     Those false, defamatory statements charged that Mr. Silva committed infamous crimes and/or felonies, including without limitation, sex crimes and bribery.  In addition, the false, defamatory statements subject Mr. Silva to hatred, distrust, ridicule, contempt, and/or disgrace. Finally, the false, defamatory statements harm Mr. Silva in his many business ventures articulated *supra*.

46.     Accordingly, Mr. Silva has suffered damages, including without limitation, monetarily, to his reputation, and to his business interests.

WHEREFORE, Mr. Silva demands judgment against the Defendants for money damages, pre- and post-judgment interest, and such other relief as the Court deems just and proper.  In addition, Mr. Silva seeks punitive damages pursuant to Fla. Stat. § 768.72.

Greenberg Traurig, P.A.  ▪  333 S.E. 2nd Avenue, Suite 4400  ▪  Miami, Florida 33131  ▪  Tel 305.579.0500  ▪  Fax 305.579.0717  ▪  www.gtlaw.com

## COUNT III: DEFAMATION (LIBEL) BY IMPLICATION
### (Against All Defendants)

47.     Mr. Silva incorporates as if fully set forth herein paragraphs 1 through 46 above.

48.     Mr. Silva asserts Count III in the alternative to Counts I and II.

49.     To the extent that one or more of the Defendants' statements on the Website, Twitter, Reddit, and/or the Billboard, which were published to millions of people, are determined to be true, all resulting suggestions, impressions, and/or implications that Mr. Silva engaged in any criminal or deviant misconduct are false.

50.     The false suggestions, impressions, and/or implications that Mr. Silva engaged in any criminal or deviant misconduct have caused serious harm to Mr. Silva.

51.     Accordingly, Mr. Silva has suffered damages, including without limitation, monetarily, to his reputation, and to his business interests.

WHEREFORE, Mr. Silva demands judgment against the Defendants for money damages, pre- and post-judgment interest, and such other relief as the Court deems just and proper.  In addition, Mr. Silva seeks punitive damages pursuant to Fla. Stat. § 768.72.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

52.     Mr. Silva incorporates as if fully set forth herein paragraphs 1 through 51 above.

53.     The Defendants engaged in extreme and outrageous conduct, including without limitation, by setting forth an internet and billboard campaign to falsely accuse Mr. Silva of heinous, criminal conduct—being compared to the likes of Jeffrey Epstein.  Engaging in a campaign to publish knowingly false and defamatory accusations of the most grotesque order goes beyond all possible bounds of decency and such ruthless attacks are intolerable in a civilized society.

Greenberg Traurig, P.A.  ▪  333 S.E. 2ⁿᵈ Avenue, Suite 4400  ▪  Miami, Florida 33131  ▪  Tel 305.579.0500  ▪  Fax 305.579.0717  ▪  www.gtlaw.com

54.     The Defendants engaged in such extreme and outrageous conduct with the intent to ruin Mr. Silva's personal and professional life, and thus to cause him severe emotional distress.

55.     At the very least, the Defendants' extreme and outrageous conduct was done with reckless disregard to the probability of causing Mr. Silva severe emotional distress.

56.     Mr. Silva has suffered severe emotional distress, and will continue to suffer severe emotional distress, as a result of the Defendants' extreme and outrageous conduct.  In addition, the mobile billboard was seen by Mr. Silva's seventeen-year-old son, a likely, and indeed intended, consequence of having the mobile billboard driven outside of Mr. Silva's condominium. Mr. Silva's son was extremely distraught by what he saw, which has caused Mr. Silva severe emotional distress at the damage this defamatory publication has inflicted on his entire family.

WHEREFORE, Mr. Silva demands judgment against the Defendants for money damages, pre- and post-judgment interest, and such other relief as the Court deems just and proper.  In addition, Mr. Silva seeks punitive damages pursuant to Fla. Stat. § 768.72.

### COUNT V: INJUNCTION – STALKING, § 784.0485(1), FLA. STAT.
### (Against All Defendants)

57.     Mr. Silva incorporates as if fully set forth herein paragraphs 1 through 56 above.

58.     The Defendants have willfully, maliciously, and repeatedly harassed Mr. Silva through their harassment and defamatory campaign against him, both online and in person.

59.     Mr. Silva has suffered severe emotional distress, and will continue to suffer severe emotional distress, as a result of the Defendants' campaign.  In addition, Mr. Silva and his family have suffered from grave concerns to their safety and security as a result of the Defendants' harassment and defamatory campaign.

60.     The Defendants' harassment and defamatory campaign serves no legitimate purpose, as it is based on knowing falsehoods.

16

61.     Mr. Silva has a clear legal right to not be harassed and defamed in violation of the law.

62.     There is no adequate remedy at law for the further violation of this right, necessitating this Court's intervention to enjoin the Defendants from continuing their campaign.

63.     Should the Court fail to permanently enjoin the Defendants from continuing their campaign, Mr. Silva will continue to suffer severe emotional distress and he and his family will continue to be in grave fear for their safety and security.

WHEREFORE, Mr. Silva demands an order permanently enjoining the Defendants from continuing their harassment and defamatory campaign, and such other relief as the Court deems just and proper.

Dated: January 4, 2023               Respectfully submitted,

                                     By: */s/ Joshua M. Mandel*

                                     **GREENBERG TRAURIG, PA**
                                     333 S.E. 2nd Avenue, Suite 4400
                                     Miami, Florida 33131
                                     Telephone: (305) 579-0570
                                     Facsimile: (305) 961-5702
                                     THOMAS R. HEISLER
                                     Florida Bar No. 1029852
                                     heislert@gtlaw.com
                                     BENJAMIN GREENBERG
                                     Florida Bar No. 192732
                                     greenbergb@gtlaw.com
                                     JOSHUA M. MANDEL
                                     Florida Bar No. 1031396
                                     mandelj@gtlaw.com
                                     cruzm@gtlaw.com
                                     fernandezf@gtlaw.com
                                     FLService@gtlaw.com

                                     *Counsel for Plaintiff Riccardo Silva*

17

EXHIBIT 4

1  BENJAMIN K. RILEY (SBN 112007)
       *briley@bzbm.com*
2  KERRY L. DUFFY (SBN 233160)
       *kduffy@bzbm.com*
3  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
4  One Embarcadero Center, Suite 800
   San Francisco, California 94111
5  Telephone: (415) 956-1900
   Facsimile:  (415) 956-1152
6
   Attorneys for Plaintiff
7  RICCARDO SILVA

8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12                                    | Case No. 4:23-mc-80119-KAW

13                                    | (Originating Case: *Silva v. Doe 1, et al.*,
                                        S.D. Fla. 1:22-cv-24262-RKA)
14
                                      | **STIPULATION AGREEING THAT
15 *IN RE: SUBPOENA TO REDDIT, INC.*   | CASES SHOULD BE RELATED UNDER
                                         CIVIL LOCAL RULES 3-12 AND 7-11**
16
                                      | Action filed: April 19, 2023
17                                      Judge: Magistrate Judge Westmore

18

19

20        Plaintiff Riccardo Silva ("Plaintiff" or "Mr. Silva") and Non-Party Reddit, Inc. ("Reddit")

21 and Non-Party X Corp., Successor in Interest to Twitter, Inc. ("Twitter"), by and through their

22 respective attorneys, pursuant to Local Rules 3-12, 7-11, and 7-12, hereby stipulate and agree,

23 subject to this Court's approval, that the action entitled *In re: Subpoena to X Corp., Successor in

24 Interest to Twitter, Inc.*, Case No. 4:23-mc-80122-DMR (the "Twitter Action") is related to the

25 instant action *In re: Subpoena to Reddit, Inc.*, Case No. 4:23-mc-80119-KAW ("Reddit Action").

26 Plaintiff contends that the Reddit and Twitter actions are related because they concern similar

27 alleged conduct by Defendant(s). Although the identities of Defendant(s) are not yet known,

28 Plaintiff believes the same individual(s) operated both the Reddit and Twitter accounts at issue in

3036.000/1841824.2

the respective actions. Furthermore, counsel for Reddit and Twitter have no objection to the

Reddit Action, which is the earlier filed action, being re-assigned to Magistrate Judge Ryu, who is

already handling the Twitter Action, as doing so will promote the "just, speedy and inexpensive

determination" of these proceedings.


DATED:  April 28, 2023                    BARTKO ZANKEL BUNZEL & MILLER
                                          A Professional Law Corporation


                                          By:  _____/s/ Kerry L. Duffy_____
                                               Kerry L. Duffy
                                               Attorneys for Plaintiff RICCARDO SILVA

DATED:  April 27, 2023                    PERKINS COIE
                                          A Limited Liability Partnership


                                          By:  _____/s/ Julie E. Schwartz_____
                                               Julie E. Schwartz
                                               Attorneys for Non-Party Reddit, Inc.

DATED:  April 28, 2023                    WHITE & CASE
                                          A Limited Liability Partnership


                                          By:  _____/s/ J. Jonathan Hawk_____
                                               J. Jonathan Hawk
                                               Attorneys for Non-Party X Corp., Successor in
                                               Interest to Twitter, Inc.